John E. JONES, Plaintiff,

v.

CITY OF MEMPHIS, TENNESSEE, and John Does, Defendants.

Civ. No. C–76–99.

United States District Court,
W. D. Tennessee, W. D.

Aug. 29, 1977.

Walter Lee Bailey, Jr., Bailey, Higgs & Bailey, Memphis, Tenn., for plaintiff.

Clifford D. Pierce, Jr., City Atty., Henry L. Klein, Staff Atty., Memphis, Tenn., for defendants.

## MEMORANDUM DECISION

BAILEY BROWN, Chief Judge.

In this case, plaintiff John E. Jones seeks damages against the City of Memphis and certain John Doe police officers who allegedly deprived Jones of his constitutional rights by illegally arresting him and beating him in the course of their employment for the City. The John Doe officers have never been identified.

Jones seeks to invoke the jurisdiction of this court both under the provisions of 42 U.S.C. §§ 1981, 1983 and 28 U.S.C. § 1343, and under the general federal question jurisdiction provided by 28 U.S.C. § 1331.

It is clear that no cause of action arises under § 1983 against the City, which is not a "person" within the meaning of that section. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *City of*

*Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). Moreover, the Supreme Court has held that a municipality may not be subjected to vicarious liability on a claim arising under § 1983. *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

■ A § 1981 claim may be brought against a municipality in a proper case. *United States v. City of Chicago*, 549 F.2d 415 (7th Cir. 1977); *United States ex rel. Washington v. Chester County Police Dept.*, 300 F.Supp. 1279 (E.D.Penn.1969).

■ However, § 1981 was enacted under the Congressional power derived from § 2 of the Thirteenth Amendment to identify and eliminate through legislation the badges and incidents of slavery. Sec. 1981 therefore is applicable to cases of *racial discrimination* with regard to certain rights enumerated in the statute. *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968).

■ Following the Supreme Court's recognition that § 1981 is addressed specifically to the problem of racial discrimination, the federal courts have held that an allegation of racial discrimination is an essential element of a cause of action under § 1981. *Agnew v. City of Compton*, 239 F.2d 226 (9th Cir. 1956), cert. den. 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957); *Veres v. County of Monroe*, 364 F.Supp. 1327 (E.D. Mich.1973), aff'd 542 F.2d 1177 (6th Cir. 1976). In the present case, plaintiff Jones alleges in his complaint that he is "racially black." He fails, however, to allege that the claimed misconduct of the John Doe officers was related in any way to racial discrimination. Therefore, no claim under § 1981 is asserted by the complaint.

Although the complaint fails to state a claim under 42 U.S.C. §§ 1981 and 1983, this court does have jurisdiction under 28 U.S.C. § 1331 over claims arising under the Constitution and laws of the United States, where the claim meets the $10,000 jurisdictional amount requirement.

The Supreme Court noted the possibility of § 1331 jurisdiction over constitutional claims against a municipality in *City of Kenosha v. Bruno, supra.* In that case, the Court held that no § 1983 claim could be stated against the city, but remanded in order to allow the district court to consider the availability of § 1331 jurisdiction over the claims, which alleged a deprivation of rights guaranteed by the Fourteenth Amendment. 412 U.S. at 513–514, 93 S.Ct. 222.

The Sixth Circuit subsequently held that a claim for damages against a municipality based on alleged unconstitutional searches could be brought under the jurisdictional aegis of § 1331 even though no § 1983 claim could arise as against the City. The court held that the substantive cause of action arose directly under the Constitution, under the authority of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and that jurisdiction was available under § 1331. *Hanna v. Drobnick*, 514 F.2d 393, 398 (6th Cir. 1975). *See Wiley v. Memphis Police Dept.*, 548 F.2d 1247 (6th Cir. 1977); *Amen v. City of Dearborn*, 532 F.2d 554 (6th Cir. 1976).

■ In the present case, Jones has alleged violations of his rights under the First, Fourth, Fifth and Fourteenth Amendments of the Constitution. Thus, this case arises under the Constitution and laws of the United States. The complaint fairly alleges damages well in excess of $10,000. Therefore, this court has jurisdiction under 28 U.S.C. § 1331.

■ This court has had opportunity to reconsider the question whether a municipality may be held liable under the doctrine of respondeat superior on a Fourteenth Amendment claim brought under the jurisdictional provision of § 1331.

It has been widely held that actions under the Civil Rights Act of 1871 are not maintainable on a theory of respondeat superior against superior officers who have neither caused nor participated in the alleged deprivations of constitutional rights

committed by subordinates. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973); *Adams v. Pate*, 445 F.2d 105 (7th Cir. 1971); *Moore v. Buckles*, 404 F.Supp. 1382 (E.D.Tenn. 1975); *Knipp v. Weikle*, 405 F.Supp. 782 (N.D.Ohio 1975). The *Jennings* case explained this rule by noting that the doctrine of respondeat superior is justified by the notion that an enterprise which creates risks is in a better position to absorb and distribute the costs of those risks than is an innocent victim. Since the cost allocation rationale is inapplicable to superior officers, the rule of respondeat superior should not be applied to them.

The reasoning of *Jennings* does not suggest that the doctrine of respondeat superior should not be applied to a city whose servants commit violations of civil rights. In fact, the court noted there that "It is the city who set the enterprise in motion, who 'profits' from the appellees' labor and who, if held liable in such instances, can by its powers of taxation spread the resulting expenditures amongst the community at large." 476 F.2d at 1275.

Thus, even if this court applied the rules of respondeat superior developed in actions under the Civil Rights Act of 1871 to this *Bivens*-style action, defendant City of Memphis would remain subject to liability on a respondeat superior theory.

■ Defendant's contention that this action is barred by the statute of limitations is without merit. The rule in Tennessee is that where liability of the master is predicated solely on the doctrine of respondeat superior, an injured party barred from recovering against the servant is barred from recovering against the master as well. Thus, where a covenant not to sue has been executed with the servant, the master may not be held liable on respondeat superior. *Craven v. Lawson*, 534 S.W.2d 653 (Tenn. 1976); *Stewart v. Craig*, 208 Tenn. 212, 344 S.W.2d 761 (1961). *See Terry v. Memphis Stone and Gravel Co.*, 222 F.2d 652 (6th Cir. 1955), applying the Tennessee rule. Similarly, where an action against the servant would be barred by a rule of intrafamily immunity, the master cannot be held liable

on respondeat superior. *Smith v. Henson*, 214 Tenn. 541, 381 S.W.2d 892 (1964); *Graham v. Miller*, 182 Tenn. 434, 187 S.W.2d 622 (1945).

■ The present action against the City of Memphis was filed prior to the expiration of Tennessee's one year statute of limitations. At that time, an action could also have been maintained against the John Doe police officers, had plaintiff Jones been able to find them. Jones has never executed a release or covenant not to sue with regard to the officers. Thus, even if the Tennessee rule should be applied to this federal cause of action, Jones is entitled to maintain his action against the City.

■ For the reasons stated above, Jones' claims should be and they are hereby dismissed only to the extent they are asserted under 42 U.S.C. §§ 1981 and 1983. Because Jones' complaint does allege facts sufficient to state a *Bivens*-style cause of action for deprivation of his constitutional rights, over which this court has jurisdiction under § 1331, this action is not dismissed.

It is so ORDERED.

## CERTIFICATION PURSUANT TO TITLE 28, SEC. 1292(b)

Since *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, it has been settled law that a municipal corporation can have no liability under Title 42 U.S.C., Sec. 1983. However, it is now pretty clear that a municipal corporation can be liable where the claim is based directly on the Fourteenth Amendment and further that Title 28 U.S.C., Sec. 1331 (federal question) may be relied upon for jurisdiction. In denying the motion to dismiss in the instant case, this court had to deal with the additional question whether a municipal corporation (the City of Memphis) could so be liable only on the basis of respondeat superior. (There is no allegation that the City was negligent in hiring the policemen and no allegation that the City condoned such misconduct as is alleged here.) This is a very important question as to which there is not, so far as the court knows, any square holding in the

appellate courts. This court concluded, though with considerable doubt, that the City can be liable on the basis of respondeat superior. Accordingly, this court is of the opinion that this order denying the motion to dismiss presents a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation.