John E. JONES, Plaintiff-Appellee,

v.

CITY OF MEMPHIS, TENNESSEE et al., Defendants-Appellants.

No. 77–1704.

United States Court of Appeals, Sixth Circuit.

Argued June 20, 1978.
Decided Sept. 19, 1978.

---

Clifford D. Pierce, Jr., Henry L. Klein, Memphis, Tenn., for defendants-appellants.

Walter L. Bailey, Jr., Memphis, Tenn., Eric Schnapper, Jack Greenberg, James N. Nabrit, III, New York City, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, KEITH, Circuit Judge, and PECK, Senior Circuit Judge.

### I.

PHILLIPS, Chief Judge.

The issue in this case is whether a municipality can be held liable for the misconduct

of its employees under the doctrine of *respondeat superior* in a civil rights action brought directly under the fourteenth amendment and the general federal question statute, 28 U.S.C. § 1331. John E. Jones, appellee, filed this suit against the City of Memphis and certain John Doe police officers who, in the course of their employment, allegedly deprived appellee of his constitutional rights by illegally arresting and beating him.

In a memorandum decision on a motion to dismiss the complaint published at 444 F.Supp. 27 (1977), the district court found initially that a municipal corporation can be held liable on a claim based directly on the fourteenth amendment and 28 U.S.C. § 1331. The district court concluded, although with "considerable doubt", that the City could be held liable under the doctrine of *respondeat superior.* The district court denied the motion to dismiss and ruled that the issue of the applicability of *respondeat superior* "presents a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation." In an unpublished order, this court granted leave to appeal pursuant to 28 U.S.C. § 1292(b).

We reverse and hold that the tort doctrine of *respondeat superior* does not apply to actions brought against a municipal corporation directly under the fourteenth amendment and § 1331.

### II.

Prior to the Supreme Court's recent pronouncement in *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, (1978), that Court held that municipalities were immune from liability under 42 U.S.C. § 1983. In *Monroe v. Pape,* 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961), overruled in part by *Monell,*[1] the Supreme Court held that

---

1. *Monell* overruled *Monroe* insofar "as it holds that local governments are wholly immune

from suit under § 1983." The Court affirmed that portion of *Monroe* which holds:

"Congress did not undertake to bring municipal corporations within the ambit of [§ 1983]." Specifically, the court in *Monroe* held that the word "person" in 42 U.S.C. § 1983 does not include municipalities. In *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), the Court reaffirmed the *Monroe* ruling but remanded the case to the district court to consider "the availability of [28 U.S.C.] § 1331 jurisdiction . . .." 412 U.S. at 514, 93 S.Ct. at 2227.

Although *Monroe* barred litigants from bringing actions against municipalities under § 1983, many courts interpreted this language in *Kenosha* as support for the position that jurisdiction over municipalities in civil rights actions could be obtained under § 1331. *See, e. g., Mahone v. Waddle,* 564 F.2d 1018, 1022 (3d Cir. 1977); *Gentile v. Wallen,* 562 F.2d 193, 196 (2d Cir. 1977); *Hostrop v. Board of Junior College District No. 515,* 523 F.2d 569, 577 (7th Cir. 1975), *cert. denied,* 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976); *Gray v. Union County Intermediate Education District,* 520 F.2d 803, 805 (9th Cir. 1975); *Bosely v. City of Euclid,* 496 F.2d 193, 195 (6th Cir. 1974).

This Circuit has held consistently that a direct cause of action under 28 U.S.C. § 1331 for violation of constitutional rights is available against a municipality. *See Gordon v. City of Warren,* 579 F.2d 386, 389 (6th Cir. 1978); *Wiley v. Memphis Police Department,* 548 F.2d 1247, 1254 (6th Cir.), *cert. denied,* 434 U.S. 822, 98 S.Ct. 65, 54 L.Ed.2d 78 (1977); *Amen v. City of Dearborn,* 532 F.2d 554, 559 (6th Cir. 1976); *Hanna v. Drobnick,* 514 F.2d 393, 398 (6th Cir. 1975); *Bosely v. City of Euclid, supra,* 496 F.2d at 195; *Foster v. City of Detroit,* 405 F.2d 138, 144 (6th Cir. 1968); *Foster v. Herley,* 330 F.2d 87, 91 (6th Cir. 1964).

At least six other circuits have reached this conclusion, based upon the teachings of *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Turpin v.*

*Mailet,* 579 F.2d 152 (2d Cir. 1978) (en banc); *Owen v. City of Independence,* 560 F.2d 925, 932–34 (8th Cir. 1977), *petition for cert. pending; McDonald v. Illinois,* 557 F.2d 596, 604 (7th Cir.), *cert. denied,* 434 U.S. 966, 98 S.Ct. 508, 54 L.Ed.2d 453 (1977); *Kite v. Kelley,* 546 F.2d 334, 337 (10th Cir. 1976); *Davis v. Passman,* 544 F.2d 865, 873 (5th Cir. 1977); *Cox v. Stanton,* 529 F.2d 47, 50–51 (4th Cir. 1975). *See also Gray v. Union County Intermediate Education District, supra,* 520 F.2d at 805. *Cf. Gagliardi v. Flint,* 564 F.2d 112, 114–16 (3rd Cir. 1977), *petition for cert. pending; Kostka v. Hogg,* 560 F.2d 37, 41 n.5 (1st Cir. 1977).

## III.

The only issue on this appeal is whether the doctrine of *respondeat superior* should be applied to actions against municipalities brought directly under the fourteenth amendment and § 1331. Appellee has not contended that the City of Memphis was negligent in failing to provide proper training and supervision of the police officers who allegedly violated appellee's constitutional rights. Nor has appellee argued that the City ratified or condoned the alleged misconduct.

In *Monell* the Supreme Court said:

[T]he language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. 436 U.S. at 691, 98 S.Ct. at 2036.

■ We conclude that the rationale of *Monell,* which, of course was not available to the district judge at the time of his

---

[T]hat the doctrine of *respondeat superior* is not a basis for rendering municipalities liable under § 1983 for the constitutional torts of their employees. 436 U.S. at 663, 98 S.Ct. at 2022, & n.7.

 

decision, is conclusive of the *respondeat superior* issue in the present case. It would be incongruous to hold that the doctrine of *respondeat superior* can be invoked against a municipal corporation in an action under 28 U.S.C. § 1331, when the doctrine has no application in an action under 42 U.S.C. § 1983. Under neither statute, in our opinion, can a municipality be held culpable *solely* because it employs a tortfeasor.

■ Even if we were without the guidance of *Monell* concerning the scope of municipal liability for deprivation of civil rights, we would hold that the doctrine of *respondeat superior* is inapplicable in the present case. The day before *Monell* was rendered, the Second Circuit, sitting en banc, rejected the application of *respondeat superior* in fourteenth amendment actions against municipalities. In *Turpin v. Mailet, supra,* 579 F.2d at 164,[2] the court stated: "The clear intendment of Bivens [*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)] is that those directly responsible for unconstitutional behavior may be called to task for their wrongful acts." The court reasoned that to impose liability on a municipality under the theory of *respondeat superior* would be "fundamentally inconsistent with the import of Bivens." 579 F.2d at 166.

*See also Nix v. Sweeney,* 573 F.2d 998, 1003 (8th Cir. 1978); *Jamison v. McCurrie,* 565 F.2d 483 (7th Cir. 1977); *Kostka v. Hogg, supra,* 560 F.2d at 43–44. *But see Dellums v. Powell,* 184 U.S.App.D.C. 324, 566 F.2d 216 (1977).

Appellee's cause of action against the City of Memphis is premised solely on the fact that the police officers were employed by the City and were acting within the scope of their employment when they allegedly violated appellee's constitutional rights. Our holding is that a municipality sued directly under the Constitution and § 1331 cannot be held liable for the constitutional torts of its agents on the basis of *respondeat superior* under the averments of the complaint in this case.

We recognize that the scope of municipal liability enunciated by the Second Circuit in *Turpin* may not be identical to the extent of municipal liability indicated by the Supreme Court in *Monell.* We express no views in this opinion as to the "full contours of municipal liability." *Monell,* 436 U.S. at 695, 98 S.Ct. 2038. In *Monell,* the Supreme Court said: "[W]e expressly leave further development of this action to another day." *Id.*

For the reasons set forth in this opinion, we hold that the City of Memphis cannot be held liable in an action brought under the Constitution and § 1331 on the sole basis of *respondeat superior.* The decision of the district court is reversed and the case remanded with directions to dismiss the complaint against the City of Memphis.

---

2. This opinion likewise was not available to the district judge at the time of his decision.