**Robert HARPER, Jr., Plaintiff,**

v.

**D. B. McDONALD et al., Defendants.**

**Civ. A. No. 80–2336.**

United States District Court,
District of Columbia.

April 24, 1981.

Prof. James P. Chandler, Washington, D. C., for plaintiff.

James J. Stanford, Asst. Corp. Counsel, Washington, D. C., for defendants.

## MEMORANDUM OPINION

GESELL, District Judge.

This case is before the Court on defendants' motion to dismiss the complaint, or, in the alternative, for summary judgment. Defendants assert that the Court lacks jurisdiction, that defendant Burtell Jefferson cannot be held liable for the alleged tortious conduct of defendant McDonald, and that some of plaintiff's claims are barred because of a failure to comply with the

mandatory notice requirements of D.C. Code § 12–309 (1973). Plaintiff opposes the motion, and the matters have been fully briefed and argued.

At bottom, this is a false arrest case. Plaintiff was stopped by police while he was eating in a restaurant and taken to a show-up. He subsequently was taken to the police station but was never formally charged with any criminal conduct and was released after several hours. Plaintiff has sued the District of Columbia and various police officials on the grounds that the police conduct violated his constitutional rights under the Fourth, Fifth, and Sixth Amendments. He also has asserted state law claims, contending that the police are liable for intentional interference with plaintiff's contractual employment relationships, intentional infliction of mental anguish, and defamation.

In his second amended complaint, the one now pending, plaintiff asserts that this Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity), and 28 U.S.C. § 1343 (civil rights jurisdiction, via 42 U.S.C. § 1985). There is not a single word of the pleading that touches on race, however, nor is there any allegation of discriminatory animus, and thus the allegation of section 1343 jurisdiction must fail. Similarly, this Court has no jurisdiction over this complaint pursuant to section 1332 because of the presence of the District of Columbia as a defendant. Indeed, plaintiff conceded at oral argument that the issue of diversity jurisdiction is irrelevant.

The issue, then, as all parties apparently agree, is whether this case falls within the Court's jurisdiction under section 1331 to consider matters that "arise[ ] under the Constitution, laws, or treaties of the United States." * Plaintiff's pleadings allege that he was deprived of constitutional rights and he contends that under the Court of Appeals' decision in *Payne v. District of Columbia*, 559 F.2d 809 (D.C.Cir.1977), this

---

\* Although no evidence has been presented that the amount in controversy exceeds $10,000— an additional requirement of section 1331—de-fendants have not chosen to dispute this issue and the Court will assume plaintiff has satisfied this requirement.

Court must accept those pleadings and resolve the case on the merits. Defendants, in contrast, argue that the Court must make a more discriminating inquiry. Where, as here, the constitutional infringement alleged is simply a common law tort and there is no true controversy over the meaning of any constitutional rights or immunities, defendants argue that there is no federal question jurisdiction.

Courts have struggled with the difficult issue presented and the law in this area has been evolving on a case-by-case basis. Although *Payne* has not been overruled, its application to the facts of this case must be read in conjunction with the Supreme Court's later decision in *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), and the recent decision of the Court of Appeals in *Sami v. United States*, 617 F.2d 755, 773–74 (D.C.Cir.1979). Plaintiff's position, resting on *Payne*, would make federal question jurisdiction a simple matter of pleading—a complaint need merely allege that a government defendant committed a tort and there would be a sufficient showing of a federal question to place jurisdiction in federal court. It is altogether too simplistic to proceed on the theory that whenever an official commits a tort the injured party can claim infringement of his liberty or a property interest. This result is completely contrary to any notion of federalism and a meaningful allocation of judicial functions between state and federal courts. It also is contrary to the express language of the Supreme Court in *Baker* and of the Court of Appeals in *Sami*.

In *Baker*, a case similar to the one before the Court although certainly not indistinguishable, Justice Rehnquist, writing for the Court, stated in conclusion: "Just as '[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner,' false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official." 443 U.S. at 146, 99 S.Ct. at 2695 (citation omitted). Even more on point are the conclusions of the Court in *Sami*: "Erroneous or wrongful loss of liberty does not *ipso facto* amount to a

constitutional violation. Several cases under 42 U.S.C. § 1983 (1976) have held that it takes more than a false arrest or malicious prosecution claim to rise to the dignity of a constitutional violation, despite the loss of liberty that may be involved." 617 F.2d at 773.

The *Sami* opinion suggests several factors that might be relevant in determining whether "actionable claims of constitutional proportions are presented." Those considerations include whether the action alleged shocks the conscience or is otherwise offensive to the concept of ordered liberty, the pervasiveness or regularity of the officials' alleged behavior, the need for federal (judicial) supervision of the type of conduct involved, the availability of state remedies, whether the theory of the action "is merely one of tort" or whether "the theory is to alter official conduct," and whether the complaint presents an individual claim or is a class action applicable to many individuals. 617 F.2d at 773–74.

■ None of these considerations support plaintiff's position in the case before the Court. No "actionable claim of constitutional proportions" is presented. Accepting the pleadings as true, this is still nothing more than a tort claim by one individual for an alleged isolated false arrest that in no way shocks the conscience and for which review in a local court—before judges who are *federal* officials, incidentally—is readily available.

This characterization of plaintiff's complaint is not intended to minimize the merits of the claim or the seriousness of the issues presented. The core concern here simply is whether this complaint raises a sufficiently substantial federal question so that the Court has jurisdiction under section 1331, or whether it is primarily a common law false arrest claim that under all the circumstances must be heard in the local courts. The Court is convinced that it is the latter. The police practice or show-up involved has been frequently examined and judicially endorsed. *See United States v. Wylie*, 569 F.2d 62, 70–71 (D.C.Cir.1977),

*cert. denied*, 435 U.S. 944, 98 S.Ct. 1527, 55 L.Ed.2d 542 (1978); *United States v. Perry*, 449 F.2d 1026, 1029–35 (D.C.Cir.1971); *Wilkerson v. United States*, 427 A.2d 923 (D.C.App.1981). Whether or not there were abuses here can be as readily determined by the District of Columbia court system as it could be by this Court, together with the other purely local claims raised by the complaint.

For the reasons stated above, the Court finds that there is no actionable claim of constitutional proportions presented, and that the Court therefore lacks jurisdiction under section 1331. Because there also is no jurisdiction under the other statutes pleaded in the complaint, the complaint must be dismissed. The Court does not reach the other issues in defendants' motion or in defendants' alternative motion for summary judgment.