**Donald L. HAYS, Jr., and Michael C. Potter, Plaintiffs-Appellees, Cross-Appellants,**

v.

**JEFFERSON COUNTY, KENTUCKY, Wilbur Bilyeu and Russell McDaniel, Defendants-Appellants, Cross-Appellees.**

Nos. 80–3010, 80–3011.

United States Court of Appeals, Sixth Circuit.

March 10, 1982.

Eugene L. Mosley, N. Scott Lilly, Asst. Jefferson County Attys., Louisville, Ky., for defendants-appellants, cross-appellees.

Joseph L. White, Pallo, White & Prizant, Louisville, Ky., for plaintiffs-appellees, cross-appellants.

Before MERRITT and JONES, Circuit Judges, and GIBSON,* District Judge.

* The Honorable Benjamin F. Gibson, Judge, U.S. District Court for the Western District of Mich-

ORDER

Upon receipt and consideration of the petitions for rehearing filed herein by the plaintiffs-appellees, cross-appellants, and defendants-appellants, cross-appellees, the Court concludes that the issues raised therein were fully considered upon the original submission and decision of this case. 668 F.2d 869.

The petitions for rehearing are denied.

MERRITT, BROWN, KENNEDY and MARTIN, Circuit Judges, dissenting.

We dissent from the order of the Court in this case denying defendant-appellant's petition for en banc reconsideration. The case raises significant questions concerning the standard of liability of municipal and county governments and police and other supervisory officials under the Fourteenth Amendment and 42 U.S.C. § 1983. These questions frequently arise in the District Courts. The standards announced in the panel decision predicating a constitutional violation and, therefore, liability on a "failure to train" or training that is "grossly negligent" are inadequate standards as the dissenting opinion points out.

In addition to the weaknesses in the majority opinion pointed out by the dissent, it should be noted that on the county's liability the majority opinion is internally inconsistent. The District Judge granted a directed verdict on the plaintiffs' claim under § 1983 because as against the county there had been no showing of a "policy or custom" as required by *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The question then is whether a different standard applies in a direct action under the Fourteenth Amendment. Our Court's opinion in *Jones v. City of Memphis*, 586 F.2d 622, 624–25 (6th Cir. 1978) and good policy both require that the "policy or custom" standard be the same whether the action

igan, sitting by designation.

against the county is under § 1983 or directly under the Fourteenth Amendment. Since the majority decision remands the case for a new trial in the direct action under the Fourteenth Amendment against the county, it is necessarily saying that the standard in the two types of actions is somehow different. Yet the majority opinion seems to be saying that the two standards are the same. Since the trial judge directed a verdict under § 1983, it follows that if the same standard is used in the direct action, the trial court must direct a verdict there as well. Either the trial court erred in directing a verdict under § 1983 when it found no evidence of a "policy or custom" or it erred in failing to direct a verdict on the direct action as well, if the two standards are the same. The rulings of the trial court on the § 1983 claim and the direct action claim, and the rulings by the panel majority of our Court, are inconsistent, assuming that the same standard is applied to both.

The panel decision properly recognizes that *respondeat superior* does not apply in an action against supervisory personnel and municipal governments under 42 U.S.C. § 1983 (*Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)) or directly under the Constitution (*Jones v. City of Memphis*, 586 F.2d 622 (6th Cir. 1978)). Nevertheless, it then holds that a municipality would be liable whenever "principal officials" thereof are liable because "[a] governmental entity can only act through its principal officials." At 875. This is a species of *respondeat superior* liability. On the contrary, as we read *Monell*, it is not enough, to make a case of liability against a municipality under § 1983, to make such a case against a "principal official" acting within the scope of his employment. As Justice Brennan's opinion states in *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037:

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or

by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

It is one thing to hold a municipality liable for conduct of its employees, principal officials or otherwise, where the conduct is in execution of the government's "policy or custom" and quite another thing to hold the municipality liable for conduct of an employee simply because he was a "principal official" acting or not acting within the scope of his employment. For example, a chief or assistant chief of police might be "grossly negligent" (at 874) and yet his conduct could not be said to represent official policy.