Green MILLER, Plaintiff,

v.

Marion BARRY, Jr., et al., Defendants.

Civ. A. No. 81–1543.

United States District Court,
District of Columbia.

June 23, 1982.

Melvin A. Marshall, Washington, D. C., for plaintiff.

Cary Pollak, Steven H. Leventhal, Asst. Corp. Counsels, Judith W. Rogers, Corp. Counsel, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

CORCORAN, District Judge.

In this action plaintiff seeks damages for injuries allegedly resulting from his arrest by defendant Vincent, a District of Columbia police officer. Although the facts are somewhat unclear at this stage in the proceedings, plaintiff apparently was arrested and detained briefly by defendant Vincent after committing a traffic violation. Plaintiff contends that his arrest and detention violated his rights under the Fourth and Fifth Amendments of the Constitution. He relies on 28 U.S.C. § 1331(a) and 42 U.S.C. § 1983 as bases for jurisdiction of this Court.[1]

### A. Jurisdictional Issues

The defendants have moved to dismiss; plaintiff has opposed. Defendants contend that, while plaintiff's allegations may state a common law tort claim for false arrest or false imprisonment, they do not allege conduct rising to the level of violations of the Constitution or § 1983. Accordingly, defendants would have us dismiss the action for want of a federal question upon which to base jurisdiction.

Defendants rely principally on *Harper v. McDonald*, 512 F.Supp. 368 (D.D.C.1981) for the proposition that this court lacks jurisdiction over actions which fail to allege conduct sufficiently egregious as to present a claim of "constitutional proportions". *Id.* at 371. However, *Harper* was recently reversed on appeal, *Harper v. McDonald*, 679 F.2d 955 (D.C.Cir.1982),[2] and it is now clear that unless a plaintiff's constitutional tort claims are "wholly insubstantial", or "frivolous" or "absolutely devoid of merit" this Court should assert jurisdiction over the suit. *Id.* at 960; *See: Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (discussing requirement of substantiality). The *Harper* court did note, however, that "a violation of local law cannot 'be transformed into a constitutional tort at the whim of the plaintiff merely because it was committed by a governmental agent under color of official authority.'" *Id.* at 958, quoting from *Payne v. Government of District of Columbia*, 559 F.2d 809, 829 (D.C.Cir.1977) (Tamm, J., concurring). Nevertheless, it held that the issue of whether a complaint presents an actionable constitutional tort should be resolved on the merits, rather than on jurisdictional grounds. Thus, when a non-frivolous constitutional tort claim is presented "the district court must assume jurisdiction to decide whether the allegations state a claim upon which relief can be granted." *Id.* at 960.

Applying these principles to the case before us, we conclude that plaintiff's complaint is not so "absolutely devoid of merit" as to defeat the jurisdiction of this Court. Although the plaintiff's papers are poorly drafted and are somewhat vague, it appears

---

1. Although plaintiff did not plead it, 28 U.S.C. § 1343(3) provides the jurisdiction basis for actions brought to redress violations of 42 U.S.C. § 1983. *See: Lynch v. Household Fi-nance Corp.*, 405 U.S. 538, 540, 92 S.Ct. 1113, 1115, 31 L.Ed.2d 424 (1972).

2. Hereinafter all reference to *Harper* are to the decision of the Court of Appeals.

that plaintiff was stopped by defendant Vincent for a traffic violation and was arrested when he did not respond "at a pace which satisfied the defendant". (Plaintiff's Answers to Interrogatories, p. 14). Because the defendants have shed no additional light on the subject, we know little else of the circumstances surrounding the arrest. Thus, for purposes of this motion we accept as true plaintiff's claim that the arrest violated his constitutional rights. Accordingly, plaintiff is entitled to litigate his action before this Court. *Harper v. McDonald, supra.*

■ However, should it appear, upon further discovery, that plaintiff's arrest and detention were not violative of his rights under the Fourth or Fifth Amendments, the Court will entertain an appropriate motion. In this regard we note that defendants have the burden of showing that the arrest and detention were justified. *Dellums v. Powell,* 566 F.2d 167, 175 (D.C.Cir.1977). Justification can be established by showing that there was probable cause for the arrest, or by showing that defendant Vincent had reasonable grounds to believe that a crime had been committed and that plaintiff's arrest was necessary for securing the administration of law. *Id.* at 175; *Wilcox v. United States,* 509 F.Supp. 381, 384–385 (D.D.C. 1981).

### B. *Respondeat Superior*

Also before the Court is the motion of defendants D. C. Mayor Barry and the District of Columbia to dismiss, and plaintiff's opposition thereto. Those defendants contend that plaintiff may not recover against them under § 1983, or in a *Bivens* action,[3] on a theory of *respondeat superior.* Accordingly, they request the Court to dismiss the complaint as to them. For the reasons stated below we agree.

3. Although it is not entirely clear from plaintiff's papers, we assume that he is proceeding against these defendants under 28 U.S.C. § 1331(a) on the theory originally announced in *Bivens v. Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

■ It is well settled that a plaintiff may not recover against a local government or municipality under § 1983 on a *respondeat superior* theory. *Monell v. Dept. of Social Services,* 436 U.S. 658, 690–695, 98 S.Ct. 2018, 2035–2038, 56 L.Ed.2d 611 (1978); *Polk County v. Dodson,* —— U.S. ——, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Owens v. Haas,* 601 F.2d 1242 (2d Cir. 1979) cert. den. 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979); *Hughes v. Blankenship,* 672 F.2d 403 (4th Cir. 1982); *Vinnedge v. Gibbs,* 550 F.2d 926 (4th Cir. 1977); *Bowen v. Watkins,* 669 F.2d 979 (5th Cir. 1982); *Berry v. McLemore,* 670 F.2d 30 (5th Cir. 1982) *Hays v. Jefferson County,* 668 F.2d 869 (6th Cir. 1982); *Harris v. Pirch,* 677 F.2d 681 (8th Cir. 1982); *Harris v. City of Roseburg,* 664 F.2d 1121 (9th Cir. 1981); *Wise v. Bravo,* 666 F.2d 1328 (10th Cir. 1981); *McLaughlin v. City of LaGrange,* 662 F.2d 1385 (11th Cir. 1982) cert. den. —— U.S. ——, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982). Thus plaintiff may not proceed against these defendants under § 1983.[4] However, there remains the question whether recovery may be had in a *Bivens* action on a *respondeat superior* theory.

The principal authority in this Circuit for the proposition that a *Bivens* plaintiff may recover on a theory of *respondeat superior* is *Dellums v. Powell,* 566 F.2d 216 (D.C.Cir. 1977). The *Dellums* court upheld a jury verdict against the District of Columbia and two police chiefs in a *Bivens* false arrest and imprisonment action. The Court rejected the argument that recovery on *respondeat superior* is inconsistent with the policies underlying the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.,* and 42 U.S.C. § 1983. The court noted that § 1983 did not apply to the District of Columbia. Moreover, it believed that the rationale for limiting liability of municipalities under

4. There is no allegation that defendant Vincent, in the commission of the alleged constitutional tort, was acting "pursuant to official [District of Columbia] policy". Thus, plaintiff has not opened the only avenue available for recovery against these defendants under § 1983. *See: Monell v. Dept. of Social Services,* 436 U.S. at 691, 98 S.Ct. at 2036.

§ 1983 was not so persuasive as to apply in *Bivens* actions. It noted that the Federal Tort Claims Act had been amended to permit recovery against the United States for the intentional torts of its law enforcement officers. *See:* 28 U.S.C. § 2680(h). In the view of the *Dellums* Court, the policy underpinnings of these amendments, *i.e.*, loss spreading and ensuring a viable source of compensation, should control in *Bivens* actions as well. Thus, common law principles permitting recovery against the District under *respondeat superior* were held applicable to *Bivens* actions. *Id.* at 220–225.

Our review of recent developments in the law of constitutional torts convinces us that *Dellums* is no longer controlling. Three significant changes in the law under § 1983 have undercut *Dellums* continuing viability. First, under the 1979 amendments, § 1983 was made applicable to the District of Columbia. *See:* Pub.L. 96–170, 1979 U.S. Code Cong. and Adm.News, p. 2609. Thus, decisions under § 1983 now carry greater precedential value in *Bivens* actions involving the District than when *Dellums* was decided. Second, as noted above, it is now beyond doubt that a municipality may not be held vicariously liable for the acts of its agents under § 1983. *See:* cases cited *supra* at p. 107. Finally, loss spreading and providing a deep pocket have been rejected as bases for holding a municipality liable under § 1983 on a theory of *respondeat superior* by the Supreme Court, *Monell v. Dept. of Social Services, supra; Owen v. City of Independence*, 445 U.S. 622, 655, n.39, 100 S.Ct. 1398, 1418 n.39, 63 L.Ed.2d 673 (1980), and by other courts that have addressed the issue. *Dean v. Gladney*, 621 F.2d 1331, 1337 n.15 (5th Cir. 1980); *Molina v. Richardson*, 578 F.2d 846, 853 (9th Cir. 1978).

The rejection of *respondeat superior* in § 1983 counsels strongly for its rejection in *Bivens* actions. In the context of Fourth and Fifth Amendment violations, there is little difference between an action under § 1983 and a *Bivens* action. It would be anomalous to permit a plaintiff to recover on a *respondeat superior* theory in a *Bivens* action when recovery on the same theory is

foreclosed under § 1983. When faced with this anomaly, courts have unanimously rejected the use of *respondeat superior* in *Bivens* actions *Dean v. Galdney, supra; Ellis v. Blum*, 643 F.2d 68 (2d Cir. 1980); *Molina v. Richardson, supra; Cale v. City of Covington*, 586 F.2d 311 (4th Cir. 1978); *Jones v. City of Memphis*, 586 F.2d 622 (6th Cir. 1978); *Daughtry v. Arlington County*, 490 F.Supp. 307 (D.D.C.1980). Indeed, even the court that decided *Dellums* has questioned the continued use of *respondeat superior* in *Bivens* actions. *See: Love v. Budai*, 665 F.2d 1060, 1064, n.6 (D.C.Cir.1980).

■ We find the reasoning of these courts persuasive and hold that recovery may not be had against the District of Columbia in a *Bivens* action on a *respondeat superior* theory.

## C. *Conclusion*

In sum, we conclude that this Court has jurisdiction to hear plaintiff's constitutional tort claims. However, plaintiff may not proceed against defendants Barry or the District of Columbia on a theory of *respondeat superior*.

Accordingly, it is this 23rd day of June, 1982

ORDERED that the motion of the defendants to dismiss for lack of jurisdiction is hereby DENIED; and it is

FURTHER ORDERED that the motion of defendant District of Columbia and defendant Barry to dismiss is hereby GRANTED and the action is dismissed as to them.