**Jeffrey D. McNEAIR, Plaintiff–Appellant,**

v.

**George E. SNYDER, Warden, et al., Defendants–Appellees.**

No. 00–5673.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

---

Before DAUGHTREY and GILMAN, Circuit Judges; COLLIER, District Judge.*

## ORDER

Jeffrey D. McNeair, a pro se federal prisoner, appeals a district court judgment dismissing his civil rights case construed as filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, McNeair sued Warden George E. Snyder and officers Wooten, Bouthoff, and Gundter of the Federal Correctional Institute at Manchester, Kentucky. McNeair alleged that the defendants deprived him of the due process

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

of law when they: (1) sentenced him to thirty days of detention on the false charge that he stole his own headset; and (2) destroyed his headset and fifty-five family photos instead of mailing them to his family as he requested. The district court granted McNeair in forma pauperis status, screened the complaint, and dismissed the complaint without prejudice. *See* 28 U.S.C. § 1915A.

In his timely appeal, McNeair reasserts the claims from his complaint.

■ Upon de novo review, we conclude that the district court properly dismissed McNeair's complaint under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). First, we agree with the district court that McNeair had no due process claim based upon the loss of his property. McNeair alleged that when he requested that his headset and family photos be sent home, his family never received them. He was later informed that the prison inadvertently destroyed the items. McNeair cannot base a due process claim on negligence because the negligent deprivation of property by a state or federal employee can never constitute a deprivation of due process. *See Daniels v. Williams*, 474 U.S. 327, 333–34, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

■ Nor could McNeair bring a due process claim by alleging that the defendants acted intentionally. The unauthorized intentional deprivation of property does not constitute a due process violation if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 531–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir.1983). The district court held that McNeair had no due process claim because he failed to allege that he attempted any state court post-deprivation remedies or that they were inadequate. As a federal prisoner asserting that federal employees destroyed his property, McNeair's post-deprivation remedy lies with the FTCA. *See* 28 U.S.C. §§ 1346(b), 2674. McNeair did in fact file a FTCA claim and did not show that the remedy was inadequate. *See Hudson*, 468 U.S. at 531–33, 104 S.Ct. 3194; *Vicory*, 721 F.2d at 1066.

■ Second, the district court properly held that McNeair had no due process claim based on his detention. McNeair alleged that he was detained for thirty days in an overcrowded cell because he was accused of stealing a stereo headset. This detention did not give rise to a protected liberty interest because it did not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

■ Third, the district court properly concluded that McNeair failed to state a FTCA claim because he did not exhaust his FTCA remedies before suing in federal court. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). According to his complaint, McNeair filed a claim with the Bureau of Prisons, but the claim was returned because he did not indicate the value of the family photos. In order to exhaust his remedies, a claimant must: (1) give the agency written notice of the claim sufficient to enable the agency to investigate it; and (2) place a value on the claim. *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir.1981); *see also* 28 C.F.R. § 14.2(a). McNeair's failure to request a sum certain with respect to the photos deprived the district court of jurisdiction over his FTCA suit. *See Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278–79 (4th Cir.2000).

Accepting all of McNeair's allegations as true, he can prove no set of facts in support of his claims which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). Accordingly, we affirm the district court's order dismissing McNeair's complaint without prejudice. Rule 34(j)(2)(C), Rules of the Sixth Circuit.