Thomas Harold STIGER,
Plaintiff–Appellant,

v.

Paul O'NEILL, Secretary of the United States Treasury, Washington, D.C.; Brian L. Stafford, Director, United States Secret Service, Washington, D.C.; Tim W. Viertel, Special Agent in charge, United States Secret Service, Memphis, Tennessee; Geoffrey A. Rice, Agent, United States Secret Service, Memphis Tennessee, Defendants–Appellees.

No. 02–5774.

United States Court of Appeals,
Sixth Circuit.

Dec. 6, 2002.

Before GUY and BOGGS, Circuit Judges; and EDMUNDS, District Judge.[*]

*ORDER*

Thomas Harold Stiger, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Stiger filed a complaint against Paul O'Neill, Secretary of the United States Treasury; Brian L. Stafford, Director of the United States Secret Service; Tim W. Viertel, Special Agent in Charge of the United States Secret Service office located in Memphis, Tennessee; and Geoffrey A. Rice, United States Secret Service Agent. Stiger alleged that on June 7, 2000, Rice enlisted the aid of the Shelby County Sheriff's Department SWAT Team and executed a federal search warrant at his residence located in Memphis, Tennessee. Stiger alleged that when executing the warrant, Rice and the SWAT Team forcibly opened and destroyed two doors of the residence "without knocking or announcing their presence" and intentionally seized and destroyed his personal property. Stiger contended that Rice arrested him, transported him to the Shelby County Jail, and booked him under the name of Ricardo Martell Taylor even though he identified himself to Rice as Thomas Harold Stiger.

At the time of his arrest, Stiger alleged that he was suffering from a "serious life threatening gall bladder ailment" for which he was in the process of seeking treatment at a Tennessee hospital. After his arrest, however, Stiger alleged that Rice denied him medical care and treatment for his ailment "causing him to suffer unbearable pain and sufferings." Stiger also alleged that Rice falsified his arrest warrant, his criminal complaint, the date on which his property was seized, and various secret service records and documents so as to conceal and justify the defendants' misconduct in his case.

The district court dismissed Stiger's complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), upon its determination that the complaint was frivolous and failed to state a claim upon which relief may be granted. Stiger has filed a timely appeal.

We review de novo a judgment dismissing a suit for frivolity and failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866–67 (6th Cir.2000). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109

---

[*] The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

**740**

S.Ct. 1827, 104 L.Ed.2d 338 (1989). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867.

■ Upon review, we conclude that the district court properly dismissed Stiger's complaint, as it is frivolous and fails to state a claim for relief. First, Stiger's claims against O'Neill, Stafford, and Viertel were properly dismissed, as they are based upon a respondeat superior theory of liability. The theory of respondeat superior cannot provide the basis for liability in a *Bivens* action. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir. 1978).

■ Second, Stiger's claim against Rice for the alleged deprivation and destruction of his property were properly dismissed, as post-deprivation remedies are available to Stiger and he has not shown that such remedies are inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 531–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *McNeair v. Snyder*, 7 Fed. Appx. 317, 319, 2001 WL 133132 (6th Cir. Feb. 5, 2001) (unpublished order). Third, Stiger's claim against Rice for the alleged denial of medical care was properly dismissed, as the allegations contained in Stiger's complaint do not support the conclusion that Rice was deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298–99, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.