**Clifford BOWEN, Plaintiff–Appellant,**

v.

**Bob TAFT, Governor, et al., Defendants–Appellees.**

No. 02–4122.

United States Court of Appeals, Sixth Circuit.

May 2, 2003.

Before CLAY and GIBBONS, Circuit Judges; and DUGGAN, District Judge.\*

*ORDER*

Clifford Bowen, an Ohio state prisoner, appeals pro se the judgment for defendants in a civil rights action he filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

of Michigan, sitting by designation.

Bowen filed this complaint, purportedly on behalf of himself and the class of non-smoking inmates housed at the same correctional facility, against the governor and attorney general of Ohio, as well as several officials of the Ohio Department of Rehabilitation and Corrections, arguing that he was being exposed to intolerable levels of environmental tobacco smoke (ETS) in violation of the Eighth Amendment. On initial screening, the district court dismissed the complaint as to the governor and the attorney general. The remaining defendants were served, and filed an answer and a motion for judgment on the pleadings. Bowen filed a response, as well as a motion to amend the complaint to add claims of violations of state law and the Fourteenth Amendment. The matter was referred to a magistrate judge, who recommended that the defendants' motion for judgment on the pleadings be granted and Bowen's motion to amend the complaint be denied. Over Bowen's objections, the district court adopted this recommendation and entered judgment for defendants. On appeal, Bowen takes issue with each of the rulings below.

Bowen initially argues that the district court erred in dismissing the governor and the attorney general on initial screening. However, he fails to explain how the district court's conclusion that these defendants could not be held liable under the theory of respondeat superior was erroneous. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 727–28 (6th Cir.1996).

This court reviews a judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) under the same de novo standard applied to motions to dismiss under Rule 12(b)(6), ascertaining whether the plaintiff can prove any facts that would entitle him to relief. *Mixon v. Ohio*, 193 F.3d 389, 399–400 (6th Cir.1999). Under this standard, the district court properly granted judgment to defendants on Bowen's Eighth Amendment claim. Bowen concedes that he does not have any current health problems which would require that he be housed in a smoke-free environment. *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir.1992). Moreover, Bowen alleged no facts which would establish that he is being subjected to an unreasonable risk of serious damage to his future health. *Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Bowen concedes that defendants have a no-smoking policy, which, although it may be imperfectly enforced, negates any claim that they are deliberately indifferent, as do their documented responses to Bowen's grievances on this issue. *Id.* at 36; *Scott v. District of Columbia*, 139 F.3d 940, 944 (D.C.Cir.1998).

The district court also properly denied Bowen leave to amend his complaint, because the complaint as amended would not state a claim. *Hahn v. Star Bank*, 190 F.3d 708, 715–16 (6th Cir.1999). Bowen sought to add claims that defendants were in violation of state law. The district court properly concluded that the Eleventh Amendment barred consideration of such claims, and that jurisdiction over such state law claims properly lies only in the Ohio Court of Claims. *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 457 (6th Cir.1998). Bowen's argument that *Carten v. Kent State Univ.*, 282 F.3d 391, 395–96 (6th Cir.2002) provides an exception to this rule for claims for injunctive relief against state defendants in their official capacity is misplaced, as *Carten* found such an exception only for claims of violations of federal law.

Bowen also attempted to raise a claim of a violation of the Fourteenth Amendment. The district court properly held that Bowen had no liberty interest in a smoke-free environment, as the alleged exposure to

ETS did not amount to an atypical and significant hardship. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Bowen argues that the district court failed to address his claims of violations of his property rights and equal protection rights. However, the district court cannot be faulted for failing to address these conclusory allegations, where Bowen failed to identify any facts establishing a property right or to allege membership in a protected class. *Jones v. Union County, Tenn.*, 296 F.3d 417, 426 (6th Cir.2002).

For all of the above reasons, the judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.