**Felix NWAEBO, Plaintiff–Appellant,**

v.

**Kathleen M. HAWK–SAWYER, et al., Defendants–Appellees.**

No. 03–4184.

United States Court of Appeals, Sixth Circuit.

April 28, 2004.

Felix Nwaebo, Lisbon, OH, pro se.

Marlon A. Primes, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Defendant–Appellee.

Before MARTIN and ROGERS, Circuit Judges; and BELL, District Judge.*

### ORDER

Felix Nwaebo, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and 18 U.S.C. § 4042. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 3, 2003, Nwaebo filed a complaint against Kathleen M. Hawk–Sawyer, Director of the Federal Bureau of Prisons (BOP): John J. LaManna, former warden of the Federal Correctional Institution located in Elkton. Ohio (FCI–Elkton); R.L. Morrison, former FCI–Elkton Warden; and Mark A. Bezy, current FCI–Elkton Warden. Nwaebo alleged that during his incarceration at FCI–Elkton, he has been "exposed to excessive quantities of Environmental Tobacco Smoke ("ETS"), also known as Second-hand Smoke, that pose an unreasonable risk of serious damage to [his] health." Nwaebo alleged that his exposure to ETS "has caused [him] asthma, shortage of lungs respiratory problems, and often attacks of coughing or gasping in [his] chest."

Nwaebo alleged that FCI–Elkton is a smoke-free facility with designated outdoor areas for smoking. FCI–Elkton inmates are provided five-to-ten minute "control movement" periods during which smokers may go outdoors to the designated smoking areas to smoke. However, Nwaebo alleged that between control movement periods, some inmates smoke in various places inside the housing units even though smoking in such areas is prohibited. Nwaebo alleged that FCI–Elkton staff are not enforcing the institution's smoking policy at least in part because there is insufficient staff to monitor any smoking violations. Nwaebo also alleged that the defendants have encouraged cigarette smoking in the housing units by "undercutting price without a sticker of the State of Ohio in order to eliminate competition" and by failing to offer a smoking cessation program for inmates. Nwaebo sought monetary and declaratory relief.

Despite Nwaebo's failure to demonstrate exhaustion of his administrative remedies, the district court dismissed Nwaebo's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e). Nwaebo subsequently filed a Fed.R.Civ.P. 59(e) motion for reconsideration, which the district court denied. Nwaebo has filed a timely appeal.

We review de novo a district court judgment dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

Upon review, we conclude that the district court properly dismissed Nwaebo's complaint. First. Nwaebo's complaint failed to state a claim for relief because he did not allege that the defendants were personally involved in or responsible for the alleged deprivation of his federal rights. *See Rizzo v. Goode,* 423 U.S. 362, 373–77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Hall v. United States,* 704 F.2d 246, 251 (6th Cir.1983). Second, even if the defendants were sued because of the supervisory positions that they held, Nwaebo's complaint failed to state a claim against them under a respondeat superior theory of liability. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Copeland v. Machulis,* 57 F.3d 476, 481 (6th Cir.1995); *Jones v. City of Memphis,* 586 F.2d 622, 624–25 (6th Cir.1978). Moreover, *Bivens* liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999).

Third, Nwaebo's complaint failed to state a claim upon which relief may be granted under the Fourteenth Amendment because he has no protected liberty interest in a smoke-free prison. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Bowen v. Taft,* 62 Fed.Appx. 117, 118–19 (6th Cir.2003). Fourth, Nwaebo's complaint failed to state a claim for relief under the Eighth Amendment. *See Helling v. McKinney,* 509 U.S. 25, 35–36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Hunt v. Reynolds,* 974 F.2d 734,

735–36 (6th Cir.1992). Nwaebo alleged neither that he has a serious medical condition that requires his placement in a smoke-free environment nor that the defendants were deliberately indifferent to his future health. *See Helling,* 509 U.S. at 35–37, 113 S.Ct. 2475.

Fifth, Nwaebo's allegations failed to state a claim for denial of equal protection based upon his alleged exposure to ETS. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Henry v. Metro. Sewer Dist.,* 922 F.2d 332, 341 (6th Cir.1990). Sixth, Nwaebo's bare assertion that the defendants fixed the price of cigarettes sold in the commissary failed to state a claim for relief because he offered no factual support or evidence upon which such a claim could be based. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988); *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Seventh, Nwaebo may not pursue a claim under § 4042, which establishes the general duties of the BOP, because that statute does not provide a private cause of action against BOP officials. *See Harper v. Williford,* 96 F.3d 1526, 1528 (D.C.Cir.1996); *Chinchello v. Fenton,* 805 F.2d 126, 134 (3d Cir.1986); *Williams v. United States,* 405 F.2d 951, 954 (9th Cir.1969).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.