**Green MILLER, Jr., Appellant**

v.

**Marion BARRY, Mayor, et al.**

**No. 82–1850.**

United States Court of Appeals,
District of Columbia Circuit.

Jan. 28, 1983.

---

**1260**

Before TAMM, WALD and SCALIA, Circuit Judges.

Opinion PER CURIAM.

### ORDER

Upon consideration of Appellee's motion to dismiss, or in the alternative, for summary affirmance as well as the response to the motion, it is

ORDERED by the Court that the motion to dismiss for lack of a final appealable order is denied. The District Court's dismissal of plaintiff's action with respect to defendant Jack Vincent terminates the action below. It is

FURTHER ORDERED by the Court that the alternative motion for summary affirmance is granted. The District of Columbia and its Mayor Marion Barry, cannot be held liable on a theory of *respondeat superior* either under 42 U.S.C. § 1983 or in a *Bivens*-type[1] action. *See Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Tarpley v. Greene,* 684 F.2d 1 (D.C.Cir.1982).

PER CURIAM:

We note that the complaint in the instant case contains an allegation that the police officer "was acting fully within the scope of his employment and pursuant to the policies of defendant corporation."

In *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that although *respondeat superior* was not available as a basis for 42 U.S.C. § 1983 liability on the part of local government bodies, 436 U.S. at 664 n. 7, 98 S.Ct. at 2022 n. 7, local government units can be sued under 42 U.S.C. § 1983 where the alleged unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. at 690, 98 S.Ct. at 2035.

The Supreme Court recently had occasion to review a complaint for the sufficiency of its allegations in this regard. In *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the *pro se* plaintiff's only reference to governmental policies was the "bald allegation that [Defendant] had injured him while acting pursuant to administrative 'rules and procedures for . . . handling criminal appeals' and that [Defendant's] employers were therefore responsible for [Defendant's] actions." 454 U.S. at 326, 102 S.Ct. at 453. The Court concluded that "even in light of the sympa-

---

**1.** *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

thetic pleading requirements applicable to *pro se* petitioners," *id.,* this allegation did not describe a constitutional tort actionable under § 1983, since "official policy must be the 'moving force of the constitutional violation' in order to establish liability of a governmental body under § 1983." *Id.,* citing *Monell, supra* 436 U.S. at 694, 98 S.Ct. at 2037.

In the instant case, petitioner has made a similarly conclusory allegation. The mere assertion that the police officer "was acting fully within the scope of his employment and pursuant to the policies of defendant ..." is not specific enough to withstand dismissal. Petitioner pointed to no rule, procedure or policy of the District which would require or even permit the alleged unconstitutional actions. In other words, he failed to allege that his claimed constitutional harm was *caused* by a "policy statement, ordinance, regulation, or decision promulgated or adopted by [defendants]." *Monell, supra* at 690, 98 S.Ct. at 2035. Absent such allegation the complaint must fail.

TAMM, Circuit Judge, did not participate in the foregoing decision.