**Buddy HARDEMAN, Plaintiff,**

v.

**Robert C. CLARK, et al., Defendants.**

**Civ. A. No. 84–0714.**

United States District Court, District of Columbia.

Sept. 26, 1984.

John A. Keats, Moffit, Keats & Jones, Alexandria, Va., for plaintiff.

Mable Chu, Asst. Corp. Counsel, Inez Smith Reid, John H. Suda, Martin L. Grossman, Gary S. Freeman, Corp. Counsel, Washington, D.C., for defendants.

CHARLES R. RICHEY, District Judge.

Before the Court is the motion on behalf of defendants Maurice Turner and the District of Columbia to Dismiss the Complaint or, in the Alternative, for Summary Judgment, the plaintiff's opposition thereto, and supplemental memoranda. For the reasons set forth below, the Court denies the defendant's motions, without prejudice, based upon the allegations of the Complaint and for the reasons hereinafter set forth.

This case arises out of an incident in which the plaintiff was beaten and placed under arrest by District of Columbia police officers. During the incident the police officers allegedly used weapons, commonly known as "blackjacks", which had been issued to the officers by the D.C. Police Department. The Complaint asserts that the incident constituted violations of 42 U.S.C. § 1983 and pendent common law tort claims. In addition to the two police officers allegedly involved in the incident, the complaint names as defendants Maurice Turner, the Chief of the Metropolitan Police Department, and the District of Columbia. The claims against Chief Turner and the District of Columbia center around an alleged Metropolitan Police Department policy or practice of issuing blackjacks to its officers with inadequate supervision or training in the use of the weapons. Additionally, the Complaint alleges negligent

hiring, and an inadequate reprimand procedure for officers' misconduct with the blackjacks.

Pursuant to Fed.R.Civ.P. 12(b)(6) and 56, defendants Maurice Turner and the District of Columbia bring the instant Motion to Dismiss or, in the Alternative, for Summary Judgment. These government asserts that these defendants cannot be liable on a theory of *respondeat superior*. Additionally, the government asserts that the defendant Turner is protected from liability by a qualified immunity. However, at this stage of the proceedings, these arguments must be rejected.

## THE PLAINTIFF HAS ASSERTED A PROPER CLAIM UNDER EXISTING CASE LAW AGAINST THE DISTRICT OF COLUMBIA AND IS NOT RELYING ON *RESPONDEAT SUPERIOR* LIABILITY

█ A municipality cannot be held liable solely on a theory of *respondeat superior*. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). This doctrine applies to the District of Columbia. *Miller v. Barry*, 698 F.2d 1259 (D.C.Cir.1983). Under *Monell*, however, a municipality may be held liable if its "official policy is responsible for a deprivation of rights protected by the Constitution." 436 U.S. at 690, 98 S.Ct. at 2036. In the present case the plaintiff asserts that his rights have been deprived by such an official policy, namely, the Police policy of issuing blackjacks to its officers with inadequate training or supervision. Complaint ¶¶ 17, 18. Because the Complaint alleges that official District of Columbia "policies and procedures" caused his injuries, it is not barred by *Monell*.

The government further contends that the plaintiff must allege more than simple negligence to impose liability on the District of Columbia. *Hays v. Jefferson County*, 668 F.2d 869 (6th Cir.), *cert. denied*, 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982); *Owens v. Haas*, 601 F.2d 1242, 1246 (2d Cir.1979). In *Owens*, the Second

circuit considered the law in this area in the light of *Monell, supra*, and *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). *Rizzo* held that a mere failure of a city to supervise its employees was not actionable under § 1983. 423 U.S. at 377, 96 S.Ct. at 607. In light of this holding, *Owens* held that mere negligence on the part of a municipality would not establish § 1983 liability. 601 F.2d at 1246. Only if the lack of proper training or supervision was so severe as to reach the level of "gross negligence" or "deliberate indifference" to the plaintiffs' "constitutional rights" could liability attach. *Id*.

█ Here the plaintiff alleges that the city officials were grossly negligent in their training and supervision. Complaint ¶ 11. Furthermore, the plaintiff alleges that the policemen responsible for the incident were not reprimanded. Because of this challenge to the District's procedures of training and reprimand, here, as in *Owens*, there might be evidence of "deliberate indifference" to the acts of the police officers. 601 F.2d at 1246. *See, also, Popow v. City of Margate*, 476 F.Supp. 1237, 1246 (D.N.J.1979). This deliberate indifference can give rise to liability, so it would be improper for the Court to dismiss the action as to the District of Columbia at this time. *Owens*, 601 F.2d at 1247.

## THE PLAINTIFF HAS ALLEGED A PROPER CLAIM AGAINST MAURICE TURNER, DISTRICT OF COLUMBIA CHIEF OF POLICE

█ A supervisory official may not be held liable for the torts of a subordinate absent a showing that the official had some direct responsibility for the alleged acts. *Rizzo*. 423 U.S. at 375, 96 S.Ct. at 606. The government contends that this protects the D.C. Chief of Police, Maurice Turner, in this case. *See Miller v. Barry*, 545 F.Supp. 105, 107–08 (D.D.C.1982), *aff'd* 698 F.2d 1259 (D.C.Cir.1983). The plaintiff, however, does not base his claim solely on such a theory of *respondeat superior*. The plaintiff's claim against Maurice Turner is based on a theory of negligence or gross

negligence in hiring, training and supervision. In *Miller*, on similar facts, the plaintiff merely alleged that the arresting officer "was acting fully within the scope of his employment and pursuant to the policies of the defendant." 698 F.2d at 1261. The plaintiff there did not identify or describe any such policy. The Court of Appeals held that this "conclusory allegation" was insufficient under *Monell, supra*, and *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). The allegation in *Miller*, in reality, alleged nothing more than *respondeat superior* liability. In the present case, however, the plaintiff alleges that the practice of deliberate indifference is in part responsible for his injuries. This theory does not hold Maurice Turner at fault for the actions of his subordinates on a *respondeat superior* basis; rather it alleges that the defendant's actions resulted in the deprivation of plaintiff's constitutional rights. *Owens*, 601 F.2d at 1246.

The government also states that Maurice Turner is protected from liability by a qualified immunity. In *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), the Supreme Court announced an objective, rather than a subjective, test for the immunity:

> governmental officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

█ Maurice Turner, as Police chief, is a policy maker, and thus he performs the type of "discretionary functions" encompassed by the qualified privilege. But that privilege is not absolute: if his conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known", he may be subject to liability. *Id.* The plaintiff here has alleged that chief Turner, as a discretionary official, is directly responsible for the policy or practice which requisitions blackjacks with inadequate training, and the policy of deliberate indifference with regard to reprimands of policeman who violate citizens' rights. Such a policy, if proven, is actionable notwithstanding *Harlow, supra*.

## CONCLUSION

The court emphasizes that it is not passing on the merits of these claims. The Court merely holds that the plaintiffs' allegations are sufficiently pleaded to survive the current motion to dismiss. It may appear after further discovery that, as a matter of law, the plaintiff cannot establish the existence of the requisite policy or practice on which the liability of these defendants must be based.

For the reasons set forth herein, it appears that the Complaint herein sufficiently pleads facts which, if proved, may give rise to liability as to the two defendants, namely, the District of Columbia and Maurice Turner. An Order in accordance with the foregoing is being issued of even date herewith.