Ray COCKRELL–EL, Plaintiff,

v.

**DISTRICT OF COLUMBIA,**
et al., Defendants.

Civil Action No. 95–2174 SSH.

United States District Court,
District of Columbia.

July 31, 1996.

Ray Cockrell–El, Pro Se.

Karla D. Clark, Assistant Corporation Counsel, D.C., Washington, DC, for Defendants.

### MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter comes before the Court on plaintiff's unopposed "Motion To Supplement the Complaint." Also before the Court are "Motion of Defendant Darrell Dowery To Dismiss Plaintiff's Complaint or in the Alternative for Summary Judgment," plaintiff's February 15, 1996, letter and exhibits, "Declaration of Ray Cockrell Sr.–El," "Motion of Defendant District of Columbia To Dismiss Plaintiff's Complaint or in the Alternative for Summary Judgment," plaintiff's "Supplement[al] Complaint and Preliminary Opposition to Defendants' Motions," and defendants' "Supplemental Motion To Dismiss Plaintiff's Supplemental Complaint or in the Alternative for Summary Judgment."

Upon consideration of the entire record, the Court grants plaintiff's motion to supplement the complaint. The Court grants summary judgment to defendants on plaintiff's federal claims. The Court declines to exer-

cise its pendent jurisdiction and thus dismisses plaintiff's state law claims.

This case arises from an incident that occurred on Sunday, June 4, 1995, as plaintiff was returning from a religious service. Plaintiff contends that defendant Darrell Dowery, a prison guard at the maximum security institution where plaintiff is incarcerated, used "foce [*sic*] and violence … *willfully, maliciously,* and *sadistically*" against plaintiff while he was in handcuffs, resulting in damage to plaintiff's eye and face, and causing plaintiff mental anguish. Pl.'s Compl. at 3, 4 (emphasis in original). Plaintiff contends that he filed administrative complaints with little relief. Pl.'s Supplement to Compl. at 11. Plaintiff subsequently filed the instant action under 42 U.S.C. § 1983, alleging that defendants inflicted cruel and unusual punishment upon him in violation of the Eighth Amendment, and impermissibly interfered with his religious freedom in violation of the First Amendment and the Religious Freedom and Restoration Act of 1993.[1]

Plaintiff supplemented his complaint in an April 25, 1996, filing which adds additional counts. Specifically, plaintiff contends that he was denied due process during the disciplinary process arising from the assault. Pl.'s Supplement to Compl. at 4–5. Furthermore, plaintiff adds a trio of state law claims: (1) intentional tort, (2) negligence arising from the District of Columbia's alleged failure to properly train and discipline its staff and its failure to provide a safe environment for plaintiff, and (3) deliberate indifference by the District to the need for a properly-trained correctional staff. *Id.* at 3.

Summary judgment may be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 321–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In considering a summary judgment motion, all evidence and the inferences to be drawn

from it must be considered in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Co.,* 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Mere allegations of the pleadings are not sufficient to defeat a summary judgment motion. *Celotex,* 477 U.S. at 323–25, 106 S.Ct. at 2553; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

Plaintiff first contends that defendant Dowery used excessive force against plaintiff in a sadistic and malicious manner in violation of the Eighth Amendment's prohibition against the infliction of cruel and unusual punishment. Pl.'s Compl. at 2. A violation of the Eighth Amendment occurs when force is applied "maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 4–6, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992). No liability arises when force is applied in " 'a good faith effort to maintain or restore discipline.' " *Id.* (citation omitted). In determining whether the force was excessive, the Court considers (1) the extent of the injury suffered, (2) the need for application of the force, (3) the relationship between that need and the amount of force used, (4) the threat to the safety of staff and inmates reasonably perceived by responsible officials, and (5) any efforts made to temper the severity of a forceful response. *Id.* (citing *Whitley v. Albers,* 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). In reviewing these factors, the Court recognizes that " '[p]rison administrators … should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.' " *Id.* (quoting *Whitley,* 475 U.S. at 321–22, 106 S.Ct. at 1085 (citation omitted)).

Plaintiff asserts that defendant Dowery assaulted him in a willful and sadistic manner. Defendant contends that plaintiff had been verbally abusive and threatening to

---

1. Section 1983 provides:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.
   42 U.S.C. § 1983.

defendant, refused to submit his hands to be handcuffed, butted his head against defendant, and began to swing at defendant, whereupon a struggle ensured. Mot. of Def. Dowery to Dismiss or for Summ. J. Defendant Dowery thus contends that, while he did strike plaintiff's face, the blow was necessary both for self-defense and to maintain the internal safety of the cellblock. *Id.,* Ex. 2. Plaintiff counters in a sworn declaration that his hands were in handcuffs throughout the entire event; presumably, plaintiff offers this fact to suggest that defendant was the aggressor in this incident and thus to rebut defendant's evidence.

Plaintiff's allegation, however, does not create a genuine issue of material fact. Plaintiff's contention is incredible given defendant Dowery's injuries. Mot. of Def. Dowery to Dismiss or for Summ. J., Decl. of Darrell Dowery. The Court need not accept as true ˋproffered evidence that unduly strains credibility. *Yeatman v. Inland Property Management, Inc.,* 845 F.Supp. 625, 629 (N.D.Ill.1994). Defendant Dowery received a cut to his lower lip and injuries to his wrist and arm; plaintiff received injuries to his left eye and cheek. Mot. of Def. Dowery to Dismiss or for Summ. J., Ex. 3. A comparison of these injuries convinces the Court that only one inference is possible from the evidence. *See Edwards v. Consol. Rail Corp.,* 567 F.Supp. 1087, 1091 (D.D.C.1983), *aff'd,* 733 F.2d 966, *cert. denied,* 469 U.S. 883, 105 S.Ct. 252, 83 L.Ed.2d 189. Moreover, even if plaintiff's allegation that he was handcuffed were true, it would nonetheless be without legal probative force. Even if handcuffed, plaintiff would still have been able to attack defendant, such as by butting defendant with his head; plaintiff does not counter this in his declaration or opposition. *See* Mot. of Def. Dowery to Dismiss or for Summ. J., Decl. of Darrell Dowery. Accordingly, the Court finds that defendant Dowery did not violate plaintiff's Eighth Amendment rights.

Plaintiff's second claim involves his right to free exercise of religion. Plaintiff contends that his rights were violated because he was unable to travel to and from his religious service without harassment.[2] The Religious Freedom Restoration Act provides in relevant part that the "government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability." 42 U.S.C. § 2000bb-1(a). The text of the statute thus requires plaintiff to make a threshold showing that his exercise of religion has been substantially burdened. *Boone v. Comm'r of Prisons,* Civil Action No. 93-5074, 1994 WL 383590, *7, 1994 U.S.Dist. LEXIS 10027, *21 (July 21, 1994) (citations omitted).

To establish an unconstitutional burden on religion, plaintiff must show that

the state conditions receipt of an important benefit upon conduct proscribed by a religious faith, or [that] it denies such a benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs.

*Hobbie v. Unemployment Appeals Comm'n of Fla.,* 480 U.S. 136, 141, 107 S.Ct. 1046, 1049, 94 L.Ed.2d 190 (1987) (emphasis omitted) (quoting *Thomas v. Review Bd. of Ind. Employment Security Div.,* 450 U.S. 707, 717–18, 101 S.Ct. 1425, 1432, 67 L.Ed.2d 624 (1981)).

Under this standard, defendants have not substantially burdened plaintiff's free exercise rights. The incident occurred after plaintiff had attended religious services. Defendants neither prevented plaintiff from attending the service nor pressured him to commit any act forbidden by his religion. Plaintiff has thus failed to make the requisite threshold showing. Accordingly, the Court holds that plaintiff's free exercise of religion was not burdened.

Moreover, even if plaintiff has been deprived of his constitutional rights,

---

2. Plaintiff contends that "he was being continuedly [*sic*], and repeated [*sic*] harassed, and discriminated against generally because of his religious beliefs. These are supported by the complaint, and submissions of record in this case." Pl.'s Supplement to Compl. at 3. In spite of this broad assertion, however, the only specific allegation of religious discrimination in the record is plaintiff's allegation that the assault occurred as plaintiff was returning from a religious service. Consequently, this is the only allegation the Court addresses.

defendant Dowery is protected by qualified immunity in the performance of discretionary functions related to prison administration. *Procunier v. Navarette,* 434 U.S. 555, 560–62, 98 S.Ct. 855, 859, 55 L.Ed.2d 24 (1978); *Brogsdale v. Barry,* 926 F.2d 1184, 1189 (D.C.Cir.1991). "Qualified immunity shields agents ... from suit for damages if 'a reasonable officer could have believed [his actions] to be lawful, in light of clearly established law and the information the ... officer[ ] possessed.'" *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991) (citation omitted). The burden is on plaintiff to show that the "contours of the right" were "sufficiently clear" so that a "reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). The record does not support plaintiff's allegations that defendant Dowery violated his constitutional rights. Accordingly, plaintiff has not sustained his burden under *Anderson.*

■ Plaintiff also names the District of Columbia as a defendant in this action. A municipality may be held liable under 42 U.S.C. § 1983 for "persistent and widespread discriminatory practices of state officials." *Monell v. Dep't of Social Servs. of the City of N.Y.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). However, "[t]he mere assertion that the [employee] 'was acting fully within the scope of his employment and pursuant to the policies of defendant' is not specific enough to withstand dismissal." *Miller v. Barry,* 698 F.2d 1259, 1261 (D.C.Cir.1983) (citation omitted). Plaintiff has pointed to no rule, procedure, or policy of defendant District of Columbia that would require or even permit the alleged unconstitutional actions. In the absence of an allegation that plaintiff's alleged injuries were caused by a "policy statement, ordinance, regulation, or decision promulgated or adopted by" the District, the Court holds that the District has not violated plaintiff's

First and Eighth Amendment rights. *See Monell,* 436 U.S. at 688–92, 98 S.Ct. at 2035–36. Furthermore, *respondeat superior* liability is not available under § 1983. *Monell,* 436 U.S. at 690–92, 98 S.Ct. at 2036.[3]

■ Plaintiff's third federal claim is set out in his Motion to Supplement the Complaint and Preliminary Opposition. Plaintiff contends that defendants filed disciplinary charges against and disciplined plaintiff in retaliation for plaintiff's filing of the instant action. Plaintiff contends that he was denied due process of law during this disciplinary process. Pl.'s Mot. to Supplement the Compl. at 9. However, plaintiff was informed of the charges against him, was notified of his housing and disciplinary hearings, was represented by an attorney, submitted witness statements and called witnesses at the hearing, and filed an appeal. Defs.' Supplemental Mot. Ex. 5. Plaintiff's unsupported allegations that he did not receive adequate process are insufficient to defeat defendants' motions for summary judgment. *See Celotex,* 477 U.S. at 323–25, 106 S.Ct. at 2553; *Anderson,* 477 U.S. at 255–57, 106 S.Ct. at 2514. Moreover, plaintiff does not have a protected liberty interest in remaining free from administrative segregation. *Hewitt v. Helms,* 459 U.S. 460, 464–70, 103 S.Ct. 864, 868–70, 74 L.Ed.2d 675 (1983); *Scales v. District of Columbia,* 894 F.Supp. 14, 17 (D.D.C.1995) (citing *Sandin v. Conner,* — U.S. —, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), court finds that Lorton Regulations Approval Act does not create liberty interest in remaining free from administrative segregation because deprivations are not "'atypical'" or "'significant'")). Accordingly, the Court finds that plaintiff has not presented evidence of a due process violation. *See Wolff v. McDonnell,* 418 U.S. 539, 562–68, 94 S.Ct. 2963, 2978–80, 41 L.Ed.2d 935 (1974).

Accordingly, the Court finds that there are no genuine issues of material fact regarding plaintiff's due process, First Amendment,

---

**3.** Plaintiff alleges that defendant Dowry is also sued in his official capacity. To this extent, the complaint is treated as a suit against the District of Columbia. *Kentucky v. Graham,* 473 U.S. 159, 165–67, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114

(1985); *Scales v. District of Columbia,* 894 F.Supp. 14, 16 n. 3 (D.D.C.1995). Because the Court finds that there is no municipal liability here, it follows that defendant Dowery is not liable in his official capacity.

and Eighth Amendment claims, and defendants are entitled to judgment as a matter of law on each of these claims. Moreover, the Court declines to exercise jurisdiction over plaintiff's pendent state law claims. *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (if federal claims are dismissed before trial, the pendent state claims should be dismissed as well); *LaShawn v. Barry,* 69 F.3d 556, 563 (D.C.Cir.1995).[4] Accordingly, it hereby is

ORDERED, that plaintiff's motion to supplement his complaint is granted. It hereby further is

ORDERED, that defendants' motions for summary judgment on plaintiff's federal claims are granted. It hereby further is

ORDERED, that defendants' motions to dismiss plaintiff's state law claims are granted.

SO ORDERED.

---

4. The Court observes, in any event, that plaintiff's common law claims of deliberate indifference, negligence, and intentional tort by the District of Columbia are time-barred. *See* D.C.Code § 12–309.