**Keith GABRIEL, Plaintiff,**

v.

**CORRECTIONS CORPORATION OF AMERICA, et al., Defendants.**

**No. Civ.A. 00–0749(RWR).**

United States District Court,
District of Columbia.

July 16, 2002.

David Jackson Ball, Jr., .U.S. Attorney's Office, Civil Division, Washington, DC, James William Hafey, Jr., Jon A. Hoppe, Hafey & Hoppe, L.L.C., Rockville, MD, for Plaintiff.

Mark Daniel Hopson, Frank R. Volpe, Michael A. Levy, Sidley Austin Brown & Wood, Mark E. Nagle, Kenneth Leonard Wainstein, U.S. Attorney's Office, David Jackson Ball, Jr., U.S. Attorney's Office, Civil Division, David A. Jackson, Office of Corporation Counsel, D.C., for Defendants.

## MEMORANDUM OPINION AND ORDER

ROBERTS, District Judge.

Plaintiff, a prisoner who is HIV positive, has brought suit under 42 U.S.C. § 1983 (West 2000) against the federal Bureau of Prisons ("BOP"),[1] Corrections Corporation of America ("CCA") and the District of Columbia, alleging that the defendants failed to ensure that his "medical jacket" was transferred with him to the District of Columbia correctional facility in Lorton, Virginia, thus causing him not to receive the medical treatment he needed. Defendants BOP and CCA have moved to dis-miss Counts I and III, respectively, of plaintiff's second amended complaint asserting that the court lacks subject matter jurisdiction and that the complaint fails to state a claim.[2] Defendant District of Columbia has moved for summary judgment on Counts III and IV, claiming that plaintiff has not identified any District policy or custom that caused plaintiff's purported injuries. Because this Court lacks subject matter jurisdiction over Count I if the Count alleges a violation of the Federal Tort Claims Act and Count I fails to state a claim if it alleges a violation of § 1983, BOP's motion to dismiss will be granted. Because plaintiff has not adequately pled his § 1983 claim against CCA, CCA's motion to dismiss Count III as to CCA will be granted. Defendant District of Columbia's motion for summary judgment will be granted because plaintiff has failed to offer any basis for finding that the District of Columbia could be liable under § 1983.

## BACKGROUND

Plaintiff was initially incarcerated in 1985 at the federal penitentiary in Leavenworth, Kansas, where he was diagnosed as being HIV positive. BOP immediately began to provide plaintiff with medical treatment. In 1988, plaintiff was transferred to another federal penitentiary. His medical jacket was transferred with him, and he continued to receive appropriate treatment for his HIV condition. (Second Am. Compl. ¶ 6–8.)

Thereafter, plaintiff was taken into the physical custody of the District of Columbia ("District") and transferred in 1990 to a penitentiary run by the District in Lor-

---

1. Plaintiff filed this action against the United States of America alleging "respondeat superior" liability for the actions of the federal Bureau of Prisons. For the sake of simplicity, this defendant will be referred to as the Bureau of Prisons.

2. Count II alleges a negligence and medical malpractice claim against CCA. That count is not the subject of the defendants' motions.

ton, Virginia. (*Id.* ¶ 9.) The facility at Lorton was operated by CCA pursuant to a contract between CCA and the District. (Mem. of P. & A.'s in Supp. of Def. CCA's Mot. to Dismiss Pl.'s Second Am.Compl. ("CCA's Mot.") at 1.) When plaintiff was transferred to Lorton, BOP did not transfer plaintiff's actual medical jacket, and the medical history that was sent did not explicitly state that plaintiff was HIV positive. (Mem. of P. & A. in Supp. of Federal Defendant's Mot. to Dismiss Pl.'s Claim Against the BOP ("BOP's Mot."), Ex. 2; Second Am.Compl. ¶ 9.) However, BOP provided the District with a medical record form that explained that the defendant was to take two AZT capsules every four hours and that blood and body fluid precautions needed to be taken with the plaintiff. (BOP's Mot.Ex. 2.)

After being transferred to Lorton, plaintiff alleges that he did not receive any further medical treatment until his HIV status was rediscovered in 1998. Plaintiff alleges that as a result of his failure to receive treatment, he has suffered a decline in his T–Cell count and experienced the onset of premature dementia and depression. Plaintiff asserts that the dementia and depression prevented him from informing anyone of his failure to receive proper treatment. Finally, plaintiff contends that when CCA and the District were alerted to plaintiff's HIV status, both defendants failed to obtain his medical jacket and CCA provided plaintiff with an improperly low dosage of one of the drugs that he needed to take. (*Id.* ¶¶ 10–13.)

**3.** Section 2401(b) states, in relevant part, that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b).

**4.** Section 1983 states, in relevant part, that "[e]very person who, under color of any stat-

## DISCUSSION

### I. BOP

BOP has moved under Fed.R.Civ.P. 12(b)(1) to dismiss plaintiff's gross negligence claim (Count I), arguing that this Court lacks subject matter jurisdiction. It asserts that plaintiff failed to adhere to the requirement of 28 U.S.C. § 2401(b) [3] that he present his claim to BOP within two years of its accrual.

BOP's argument has merit and is well rooted in precedent. *See, e.g., United States v. Kubrick*, 444 U.S. 111, 113, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) (holding that "a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency 'within two years after such claim accrues' "); *Stokes v. U.S. Postal Serv.*, 937 F.Supp. 11, 14 (D.D.C.1996) (holding that presenting a claim to the appropriate agency within two years is "a mandatory jurisdictional prerequisite to filing a lawsuit in the United States"). Plaintiff apparently concedes as much but argues that "[w]hile it may not be in dispute that Plaintiff's notice came more than two years after his injury was sustained, Defendant [BOP] is not entitled to judgment as a matter of law because the limitations period of 28 U.S.C. § 2401(b) is not applicable to the Plaintiff's claim under 42 U.S.C. § 1983." (Mem. in Opp'n to Bureau of Prison's Mot. to Dismiss ("Opp'n to BOP") at 4.)

Insofar as Count I alleges a violation of § 1983,[4] it must be dismissed for failing to state claim, *see* Fed.R.Civ.P.

ute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action

12(b)(6),[5] because "[s]ection 1983 only applies to state officials acting under color of state law." *Abramson v. Bennett,* 707 F.Supp. 13, 16 (D.D.C.1989) (dismissing § 1983 claim pursuant to Fed.R.Civ.P. 12(b)(6) because plaintiff filed claim against a federal official acting under color of federal law). BOP is not a state official acting under color of state law.

While plaintiff has clearly stated that he attempted to allege a cause of action under § 1983 in Count I, his second amended complaint and opposition to BOP's motion to dismiss are ambiguous, at best, as to whether the plaintiff has attempted to allege any other causes of action in Count I. Count I purports to allege against BOP the tort of gross negligence, but the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.,* the exclusive remedy against the federal government for torts committed by its employees, *id.* at § 2679, is not explicitly cited in that count or elsewhere in his second amended complaint. Perhaps when plaintiff alleged that he provided notice to BOP pursuant to 42 U.S.C. § 2671, *et seq.* (Second Am.Compl. ¶ 4), plaintiff meant to cite the FTCA which is codified at 28 U.S.C. § 2671, *et seq.* and to allege that he complied with the requirement of 28 U.S.C. § 2675 that all claims against the federal government must first be presented to the appropriate federal agency.

Plaintiff's opposition to BOP's motion has done nothing to clear up the ambiguity in the second amended complaint. At one point, plaintiff's opposition seems to take the position that Count I contains only a § 1983 cause of action. (Opp'n to BOP at 4.) Yet, at another point, plaintiff argues that a different statute of limitations should apply to his suit because he is a federal prisoner who has brought suit under the FTCA. (*Id.* at 7–8.)

If plaintiff has attempted to allege a negligence cause of action under the FTCA against the BOP in Count I, that cause of action must be dismissed for lack of subject matter jurisdiction because the plaintiff failed to comply with the requirement of 28 U.S.C. § 2401(b) that he present his claim to the BOP within two years of the time that his claim accrued. A claim "accrues" at the time the plaintiff discovers both his injury and its cause. *See Sexton v. United States,* 832 F.2d 629, 633 (D.C.Cir.1987) (citing *Kubrick,* 444 U.S. at 120, 100 S.Ct. 352). Even if one were to accept plaintiff's argument that his failure to receive treatment caused the onset of "premature dementia and major depression" that prevented him from informing anyone of his need for medication and treatment (Second Am.Compl. ¶ 10), plaintiff's FTCA claim still fails. Plaintiff's health records reveal that he has been receiving treatment for HIV since at least September of 1998. (District of Columbia's Mot. for Summ.J., Ex. D at 6.)[6] On September 25, 1998, plaintiff requested an increase in his medication. (*Id.,* Ex. D

---

at law, suit in equity, or other proper proceeding for redress."

**5.** As long as the motion will be decided on the pleadings, a court, if it is appropriate, may treat a motion filed pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss for lack of subject matter jurisdiction as a motion filed pursuant to Fed. R.Civ.P. 12(b)(6) to dismiss for failure to state a claim. *See Less v. Lurie,* 789 F.2d 624, 625 n. 1 (8th Cir.1986) (agreeing with district court's decision to treat a motion filed pursu-

ant to Fed.R.Civ.P. 12(b)(1) as a motion filed pursuant to Fed.R.Civ.P. 12(b)(6)); *EEOC v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624 (D.C.Cir.1997) (noting that it is proper to affirm a dismissal by a district court pursuant to Fed.R.Civ.P. 12(b)(1), if the dismissal was proper under either Fed.R.Civ.P. 12(b)(1) or Fed.R.Civ.P. 12(b)(6)).

**6.** Because BOP refers to material outside of the pleadings, plaintiff argues that BOP's motion to dismiss must be treated as a motion

at 7.) Furthermore, on October 28, 1998, plaintiff asked to see an "HIV and AIDS specialist." (*Id.*, Ex. D at 9.) Plainly, plaintiff has had the ability to inform people of his HIV status, recognize his need for treatment and perceive deficiencies in his treatment since at least October 28, 1998. Plaintiff did not file his complaint with the BOP until December 4, 2000. (BOP's Mot.Ex. 4.) Thus, any claim for a violation of the FTCA would have been presented to the BOP over two years after it accrued. Accordingly, plaintiff is barred from recovering under the FTCA by § 2401(b).[7]

Insofar as Count I asserts a cause of action under § 1983, it must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted. Insofar as it asserts a cause of action under the FTCA, it must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for a lack of subject matter jurisdiction.

## II. *Corrections Corporation of America*

■ Arguing that plaintiff has not properly pled a § 1983 claim for cruel and unusual punishment in Count III, CCA has moved to dismiss. "To state a claim for relief under § 1983, a plaintiff must allege both a violation of a right secured by the Constitution or by federal law, and that the alleged deprivation was committed by a person acting under color of state law." *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir.1990). A municipality is a person acting under color of state law for purposes of § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding that "Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies") (emphasis in original). A private corporation that provides services normally provided by municipalities, as CCA did, is as well. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 122 S.Ct. 515, 527, 151 L.Ed.2d 456 (2001) (Stevens, J., dissenting) (noting that "[u]nder 42 U.S.C. § 1983, a state prisoner may sue a private prison for deprivation of constitutional rights") (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936– 937, 102 S.Ct.

for summary judgment. A motion to dismiss pursuant to 12(b)(1) can refer to material outside of the pleadings without being converted into a motion for summary judgment. *See, e.g., Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C.Cir.1992); *Bonterra Am., Inc. v. Bestmann*, 907 F.Supp. 4, 5 n. 1 (D.D.C.1995) (noting that "[i]n deciding a motion to dismiss a case for lack of subject matter jurisdiction, the Court may consider evidentiary matters outside the pleadings").

7. The parties have not discussed, nor need I decide, whether plaintiff has properly pled a cause of action under the FTCA in accordance with Fed.R.Civ.P. 8. Nor is it clear why plaintiff discusses *Bivens* claims in his opposition to BOP's motion to dismiss. *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (holding that a plaintiff can bring a suit for money damages against a federal agent who has allegedly violated his rights under the Fourth Amendment of the Constitution). Nothing in plaintiff's complaint can be construed as alleging a *Bivens*-type action. Furthermore, *Bivens* suits must be brought against individuals in their personal capacity, not against federal agencies. *See Dacey v. Clapp*, Civ. A. No. 92–1599, 1993 WL 547467, at *3 (D.D.C. Oct. 23, 1993) (holding that "a *Bivens* action cannot be brought against a defendant in his or her official capacity"); *Robertson v. Merola*, 895 F.Supp. 1, 3 (D.D.C.1995) (noting that "*Bivens* suits are suits against government officials in their individual, rather than their official, capacities"). Plaintiff did not allege a *Bivens*-type action in his second amended complaint, and even if he had, the claim would have to be dismissed against BOP because it is an improper defendant in a *Bivens* action.

2744, 73 L.Ed.2d 482 (1982)). CCA, then, is a proper defendant.

■ The dispute arises over whether plaintiff has alleged a violation of a right secured by the Constitution that is actionable under § 1983. A § 1983 claim is actionable against a municipality only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," causes the injury giving rise to the claim. *Monell*, 436 U.S. at 694, 98 S.Ct. 2018. Therefore, a municipality cannot be sued under § 1983 simply because one of its employees or agents violated a plaintiff's rights. " '[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (alterations in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 483–84, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality)). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 403–04, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). CCA contends that plaintiff has not identified any policy or custom it maintained that would possibly give rise to an Eighth Amendment violation.

■ To establish that a defendant's failure to provide proper medical attention violates the Eighth Amendment, a plaintiff must establish that the defendant has exhibited "deliberate indifference to [the] serious needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Therefore, simply alleging that an accident occurred will not state a claim for an Eighth Amendment violation. *Id.* at 105, 97 S.Ct. 285; *see also Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir.1999) (holding that "[a] negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation").

■ Thus, to state a claim for a violation of the Eighth Amendment under § 1983, plaintiff must allege that as the result of a CCA policy or custom, CCA exhibited deliberate indifference to his serious medical needs. The question of whether a defendant was deliberately indifferent is not an objective one, but a subjective one. A prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Although this subjective test requires action or failure to act despite knowledge of a substantial risk of serious harm, a plaintiff need not show that a defendant acted or failed to act believing that the harm would occur. *See id.* at 842, 114 S.Ct. 1970.

All these elements of a § 1983 cause of action based on an Eighth Amendment violation must be pled in a manner that shows the plaintiff is entitled to relief. Fed.R.Civ.P. 8(a)(2). A § 1983 suit "alleging municipal liability must include some factual basis for the allegation of a municipal policy or custom." *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C.Cir.1996). "The mere assertion that the [municipality's employee or agent who caused the harm] 'was acting fully within the scope of his employment and pursuant to the policies of defendant ...' is not

specific enough to withstand dismissal." *Miller v. Barry,* 698 F.2d 1259, 1261 (D.C.Cir.1983) (*per curiam*). Plaintiff needs to allege the existence of a policy or custom. Where a plaintiff fails to allege the existence of any policy or custom that could have arguably violated his rights, dismissal is proper. *See Polk County v. Dodson,* 454 U.S. 312, 326–27, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

Furthermore, a plaintiff must do more than allege in a conclusory fashion that a defendant was deliberately indifferent. "To state a claim under the Eighth Amendment, Plaintiff must, at minimum, allege facts sufficient to establish that the Defendants possessed a total unconcern for his welfare in the face of serious risks." *Pryor–El v. Kelly,* 892 F.Supp. 261, 268 (D.D.C.1995) (citing *Helling v. McKinney,* 509 U.S. 25, 33–34, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)). Accordingly, dismissal is proper where a plaintiff alleges no facts that indicate that a defendant's failure to provide treatment was deliberate. *See Jenkins v. Gov't of the Dist. of Columbia,* Civil Action No. 94–0995, 1996 WL 440551, at *3 (D.D.C. July 26, 1996) (holding that plaintiff's failure to adequately allege deliberate indifference on the part of the defendant is one of several failures that warrants the dismissal of plaintiff's complaint).

 Here, Count III and the fifteen paragraphs it incorporates by reference do not allege that CCA's failure to provide proper treatment was the result of any custom or policy, be it CCA's or the District's. In addition, while the complaint alleges that the acts and omissions giving rise to the suit occurred after CCA's employees, or the institution writ large, became subjectively aware of the risk to the plaintiff, Count III and the paragraphs it incorporates do not allege even in a conclusory fashion that a CCA policymaker had subjective knowledge of the risk to which plaintiff was allegedly exposed. Finally, insofar as Count III is premised on the plaintiff's belief that the medical treatment he ultimately received from CCA was inadequate, negligent medical care does not give rise to a constitutional claim. *Perkins,* 165 F.3d at 811 (citing *Estelle,* 429 U.S. at 105–06, 97 S.Ct. 285). Accordingly, because the plaintiff has failed to properly allege the existence of a CCA policy or custom or to properly allege that CCA was deliberately indifferent to his medical needs, Count III will be dismissed.

### III. *District of Columbia*

The District has moved for summary judgment on the § 1983 claims against it in Counts III and IV. It argues that the plaintiff failed to give notice of his claim against the District within six months of his injury as is required by D.C.Code Ann. § 12–309 (2001). The District also contends that it cannot be held liable based upon plaintiff's insufficient factual allegations of a District policy or custom that caused the injury giving rise to his claim.

 The District's notice argument based on § 12–309 is without merit. Notice of claim statutes are not applicable to § 1983 claims. *See Felder v. Casey,* 487 U.S. 131, 140–41, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) (adopting the near-unanimous conclusion of the federal courts that "notice-of-claim statutes are inapplicable to federal-court § 1983 litigation"); *Johnson–El v. District of Columbia,* 579 A.2d 163, 170 (D.C.1990) (holding that "[a]s an Eighth Amendment claim brought under 42 U.S.C. § 1983, [plaintiff's complaint was] not subject to the notice provisions of D.C.Code § 12–309").

 Nevertheless, plaintiff has failed to adequately allege the elements of a § 1983 action premised on an Eighth

Amendment violation. Plaintiff has named the District in Counts III and IV, both of which attempt to allege violations of the Eighth Amendment. As was discussed above, plaintiff has failed to state a § 1983 claim in Count III because he failed to allege that the injuries of which he complained were the result of a policy or custom of the defendant. Because plaintiff has failed to allege all essential elements of a § 1983 claim in Count III, the District's motion for summary judgment will be granted.[8]

By contrast, Count IV alleges that the actions of which plaintiff complains "were taken pursuant to the policy custom and practice of the District of Columbia Department of Corrections." (Second Am. Compl. ¶ 24.)[9] This sentence is the only mention of a policy or custom in the plaintiff's second amended complaint. It is, though, a factually unsupported and conclusory allegation. As was stated above, conclusory allegations by a plaintiff about the existence of a policy or custom will not satisfy the plaintiff's requirement to allege a prima facie case under § 1983. *See Atchinson*, 73 F.3d at 422 (holding that a § 1983 suit "alleging municipal liability must include some factual basis for the allegation of a municipal policy or custom"); *Miller*, 698 F.2d at 1261 (holding that "[t]he mere assertion that the [municipality's employee or agent who caused the harm] 'was acting fully within the scope of his employment and pursuant to the policies of defendant' is not specific enough to withstand dismissal"). Accordingly, since plaintiff has not adequately asserted a § 1983 claim against the District in either Count III or Count IV, the District's mo-

tion for summary judgment will be granted.

### CONCLUSION

Plaintiff has failed to allege a prima facie § 1983 claim against any defendant. If plaintiff has attempted to allege a cause of action under the FTCA against BOP in Count I, this Court lacks subject matter jurisdiction and the claim will be dismissed. Accordingly, it is hereby

ORDERED that BOP's motion to dismiss Count I [36–1] be, and hereby is, GRANTED. Insofar as Count I alleges a cause of action under the FTCA, the claim is dismissed pursuant to Fed.R.Civ.P. 12(b)(1); insofar as Count I attempts to state a claim under § 1983, BOP's Count I is dismissed pursuant to Fed.R.Civ.P. 12(b)(6). It is further

ORDERED that CCA's motion to dismiss Count III pursuant to Fed.R.Civ.P. 12(b)(6) [29–1] be, and hereby is, GRANTED. It is further

ORDERED that the District's motion for summary judgment on Counts III and IV [30–1] be, and hereby is, GRANTED. It is further

ORDERED that plaintiff's motion to expedite disposition [41–1] be, hereby is, DENIED as moot.

---

8. Failure to state a claim or to allege a prima facie case can serve as bases for granting a summary judgment motion. *See Johnson v. D.C. Metro. Police Dep't*, No. CIV.A. 97–0094(PLF), 1999 WL 1105286, at *1. (D.D.C. Nov. 30, 1999) (granting defendant's motion for summary judgment where plaintiff failed to state a claim).

9. Plaintiff has given the number 24 to two different paragraphs. This citation refers to the paragraph 24 appearing in Count IV.