**Essie L. JONES, et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

**No. CIV.A.02–00390 RMC.**

United States District Court,
District of Columbia.

Jan. 31, 2003.

John Edwards Harrison, Harrison & Hughes, P.C., Alexandria, VA, for plaintiffs.

E. Louise R. Phillips, Julie Steptoe Lee, Office of Corp. Counsel, D.C., Washington, DC, for defendant.

## MEMORANDUM OPINION

COLLYER, District Judge.

This matter comes before the Court on the District of Columbia's ("District") motion to dismiss or, alternatively, for summary judgment. Because the District did not include a "statement of material facts as to which the moving party contends there is no genuine issue"—as required by Local Civil Rule 7.1(h)—and did not attach any exhibits to its motion, the Court considers this only as a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] For the following reasons, the District's motion is granted in part and denied in part.

## I. BACKGROUND

The plaintiffs in this case are six women and one man, all between the ages of forty and sixty-five, who lost their positions at

---

1. In its Reply Brief, the District concedes this point: "Defendant District of Columbia's April 11, 2002 motion titled 'Motion to Dismiss or, Alternatively, for Summary Judgment['] was intended as a Motion to Dismiss[.]" Defendant's Reply Brief at 1.

the District's Department of Corrections as part of a reduction in force ("RIF") on September 28, 2001. In their complaint, Mses. Essie Jones, Alice Tolbert, Dana Garnett, Gradie McCray, Kahilta Miller and Leslie Hill claim discrimination on the basis of gender and age. Mr. Richard King claims that he was caught up in the RIF only to prevent an appearance of gender discrimination. He also advances a charge of age discrimination. The plaintiffs' lawsuit alleges violations of the United States Constitution, the Civil Rights Act—specifically, Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983—and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*

The District has filed a motion to dismiss. It argues that none of the plaintiffs has demonstrated exhaustion of administrative remedies under Title VII; that the plaintiffs have not sufficiently pled any municipal policy or practice to establish a *prima facie* violation of their constitutional rights; that the Fourteenth Amendment of the United States Constitution is not applicable to the District; and that the plaintiffs have not provided any comparative data to show a violation of the ADEA.

The plaintiffs have filed a memorandum in opposition to the District's motion to dismiss. They assert that the history of gender and age discrimination complaints against the Department of Corrections, without changes to the senior management of the department, demonstrates "both a formal, and an informal *ad hoc* policy of discrimination and retaliation with the Department of Corrections[.]" Plaintiffs' Opposition Brief at 3. They also attach "right to sue" letters from the Equal Employment Opportunity Commission ("EEOC") for Mses. Jones, McCray and Tolbert, which establish that those plaintiffs ex-

hausted their administrative remedies.[2] The plaintiffs admit that the Fourteenth Amendment does not apply to the District. *See* Plaintiffs' Opposition Brief at 6; *Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

## II. ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the District may move the Court to dismiss this case for lack of subject matter jurisdiction. The plaintiffs bear the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See Shekoyan v. Sibley Int'l Corp.,* 217 F.Supp.2d 59, 63 (D.D.C.2002). In deciding this 12(b)(1) motion, the Court may consider materials outside the pleadings as it deems appropriate to determine whether jurisdiction exists. *See Lockamy v. Truesdale,* 182 F.Supp.2d 26, 30–31 (D.D.C.2001).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on the other hand, challenges the adequacy of a complaint on its face, testing whether the plaintiffs have properly stated a claim. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The plaintiffs need not plead the elements of a *prima facie* case in the complaint. *See Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111 (D.C.Cir.2000). In deciding this 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and

---

**2.** The plaintiffs also attach a letter from the EEOC to Ms. Garnett dated December 18, 2001; however, it was an invitation to mediation and not a "right to sue" letter.

matters about which the Court may take judicial notice." *Gustave–Schmidt v. Chao,* 226 F.Supp.2d 191 (D.D.C.2002).

## B. Title VII

■ There are two statutory prerequisites to filing a case under Title VII:(1) timely filing of a charge with the EEOC or a state agency, and (2) the EEOC's issuance of a "right to sue" letter with timely filing in court. *See Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Kennedy v. Whitehurst,* 690 F.2d 951, 961 (D.C.Cir.1982). The District's motion to dismiss the plaintiffs' Title VII claims is based on the plaintiffs' failure to show that they exhausted their administrative remedies prior to filing this lawsuit (i.e., that they participated in the EEOC process culminating in the issuance of their respective "right to sue" letters). The plaintiffs have now submitted "right to sue" letters from the EEOC for Mses. Jones, McCray and Tolbert, which establish that those plaintiffs exhausted their administrative remedies. No evidence has been submitted for Mses. Garnett, Miller or Hill, or Mr. King, to show that they too exhausted their administrative remedies, and the letter submitted for Ms. Garnett is to the contrary.

Based on their newly-submitted "right to sue" letters, the Court finds that Mses. Jones, McCray and Tolbert have sufficiently demonstrated that they exhausted their administrative remedies. Accordingly, their Title VII claims will not be dis-missed for lack of jurisdiction. Because Mses. Garnett, Miller and Hill, and Mr. King, have failed to make any showing of administrative exhaustion (i.e., a "right to sue" letter), the District's motion to dismiss the Title VII claims as to them is granted without prejudice.

## C. Section 1983

■ The District makes two arguments why the section 1983 claims brought by the plaintiffs should be dismissed. The District first argues for dismissal "because [the plaintiffs make] no showing that any alleged constitutional deprivation was caused by an unconstitutional municipal policy or practice." [3] Defendant's Motion to Dismiss at 4 (citing *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Under *Monell,* a municipality may be liable under section 1983 when a government's policy or custom causes a constitutional tort. *See id.* at 694, 98 S.Ct. 2018. Citing *Miller v. Barry,* 698 F.2d 1259 (D.C.Cir.1983), as an example, the District avers that courts have dismissed section 1983 claims against a municipality when the plaintiff failed to show a pervasive practice or policy. *See* Defendant's Motion to Dismiss at 5.

■ Since 1996—after the decision in *Miller*—the D.C. Circuit has not required heightened pleading standards for section 1983 complaints. In *Atchinson v. District of Columbia,* 73 F.3d 418 (D.C.Cir.1996), the Court of Appeals held that a plaintiff's "failure to allege a specific policy or custom . . . is no longer fatal to a Section 1983

---

**3.** The text of section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

claim when attacked in a motion to dismiss." *Williams v. District of Columbia,* 916 F.Supp. 1, 7 (D.D.C.1996) (citing *Atchinson,* 73 F.3d at 420). Moreover, a complaint "need not allege all that a plaintiff must eventually prove." *Atchinson,* 73 F.3d at 421–422.

Regardless, the complaint identifies quite clearly a purported policy that allegedly resulted in the violation of the plaintiffs' constitutional rights. It states that the Department of Corrections has a long-standing usage and "policy of favoring male employees and not favoring female employees in hiring, working conditions, promotions and firing" and that the personnel actions taken against the plaintiffs were discriminatory on the basis of gender. Complaint ¶¶ 21–23. Interpreting the complaint liberally, as it should be in response to a motion to dismiss, the plaintiffs essentially contend that a persistent policy of gender discrimination in the Department of Corrections was the moving force behind the alleged discrimination against them.

The District also argues for dismissal based on the fact that the Fourteenth Amendment, which contains the Equal Protection Clause, is inapplicable to the District.[4] The District asserts that the plaintiffs' section 1983 claims should be dismissed because those claims seek to enforce the Fourteenth Amendment against the District. Although the District correctly points out that the Fourteenth Amendment does not apply, it mischaracterizes the constitutional grounds for the plaintiffs' section 1983 claims. *See* Defendant's Motion to Dismiss at 6 ("Plaintiffs seek to enforce § 1983 through the Four-

teenth Amendment."). The Fourteenth Amendment is not the only avenue through which the plaintiffs may predicate a section 1983 claim for gender discrimination. The plaintiffs may support their allegations of disparate treatment by way of the Fifth Amendment, which does apply to the District. *See Women Prisoners of the District of Columbia Dep't of Corrections v. District of Columbia,* 93 F.3d 910, 924 (D.C.Cir.1996) ("The District of Columbia is subject to [the Equal Protection Clause's] requirement by virtue of the Fifth Amendment's guarantee of due process of law.").

The Court finds that the complaint provides fair notice to the District of the plaintiffs' section 1983 claims and their basis, all that is required in this instance to withstand a motion to dismiss. Therefore, the District's motion to dismiss these claims is denied. The District's motion to dismiss the plaintiffs' claims under the Fourteenth Amendment, to the extent any were actually alleged, is granted.

### D. Age Discrimination

The District argues that the plaintiffs' ADEA claims should be dismissed because they have not established a *prima facie* case of age discrimination.[5] Like section 1983 claims, however, courts do not require greater particularity in pleading claims of age discrimination under the ADEA. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). "The *prima facie* case ... is an evidentiary standard, not a pleading requirement." *Id.* at 510, 122 S.Ct. 992. The plaintiffs needed only to give

---

4. As noted in Section I, the plaintiffs concede this point in their memorandum in opposition.

5. To make out a *prima facie* case under the ADEA, the plaintiffs would have to show that

they: (1) belong to the statutorily-protected age group, (2) were qualified, (3) were terminated, and (4) were disadvantaged in favor of younger people. *See Coburn v. Pan American World Airways, Inc.,* 711 F.2d 339, 342 (D.C.Cir.1983).

"fair notice of the basis for [their ADEA] claims." *Id.* at 514, 122 S.Ct. 992.

 The complaint fulfills the requirements of notice pleading for claims under the ADEA. In it, the plaintiffs state that "[t]he [Department of Corrections] Removed [sic] senior employees while preferring younger employees." Complaint ¶ 19. Further, they assert that "[t]he Plaintiffs are within the [age] class" covered by the ADEA and that "[t]he actions by [the Department of] Corrections in attempting to weed the Plaintiffs from employment at [the Department of] Corrections were as a result of age discrimination[.]" Complaint ¶¶ 25–26.

 The District avers that the complaint was required to show "specific information or even a conclusory assertion that the alleged similarly situated employees are 'substantially' younger than the Plaintiffs." Defendant's Motion to Dismiss at 7. The District might be correct if this were a motion for summary judgment. In such a motion, the plaintiffs, absent direct evidence, would need to establish an inference of age discrimination by showing that the plaintiffs' replacements were significantly younger than the plaintiffs. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) ("[S]uch an inference cannot be drawn from the replacement of one worker with another worker insignificantly younger."). However, the instant motion is one for dismissal and the plaintiffs did not have to plead a *prima facie* case of age discrimination in the complaint in order to survive it. The District's motion to dismiss the plaintiffs' ADEA claims is denied.

### III. CONCLUSION

For these reasons, the District's motion to dismiss the Title VII claims of Mses. Garnett, Miller and Hill, and Mr. King, is granted without prejudice. The District's motion to dismiss the plaintiffs' claims under the Fourteenth Amendment, to the extent there are any, is also granted. The District's motion to dismiss the Title VII claims of Mses. Jones, McCray and Tolbert, the plaintiffs' section 1983 claims, and the plaintiffs' ADEA claims is denied. A separate order will accompany this memorandum opinion.

### *ORDER*

For the reasons set forth in the memorandum opinion that accompanies this order, it is hereby

ORDERED that the defendant's motion to dismiss the Title VII claims of Mses. Garnett, Miller, and Hill, and Mr. King, is GRANTED without prejudice; it is

FURTHER ORDERED that the defendant's motion to dismiss the plaintiffs' Fourteenth Amendment claims is GRANTED; and it is

FURTHER ORDERED that the defendant's motion to dismiss the Title VII claims of Mses. Jones, McCray, and Tolbert, the plaintiffs' claims under 42 U.S.C. § 1983, and the plaintiffs' Age Discrimination in Employment Act claims is DENIED.

SO ORDERED.